STATE OF MARYLAND, USE OF HENRY FIREY *vs*. SAMUEL MILLER.—*December* 1845.

The principal in a guardian's bond called on $V$, and asked him to become one of his sureties in such bond, and stated at the same time, that the defendant would become the other surety. The minutes of the Orphans court showed, that the court would approve, as sureties, the defendant and $J$; and on the face of said minutes it appeared, that the name of $V$ had been erased therefrom, and that of $J$ substituted. HELD: there was no evidence that the defendant signed the bond, under the impression and with the understanding, that $V$ was to be his co-surety; nor that the minutes were known to defendant; nor any misrepresentation made to him, as to the person who was to be his co-security.

It appeared on the face of a guardian's bond, that it was originally filed " — *day of December* 1823;" that the date was altered to "*the 3rd day of May* 1824;" that by the minutes of the Orphans court, and endorsement on the bond, it was received, endorsed, and placed upon record, the 3rd *May* 1824. HELD: that this alteration was wholly immaterial, and did not, in the least degree, tend to alter or enlarge the liability of the defendant.

The alteration of the date of a bond being, under the circumstances, wholly immaterial, and not made by the obligee, the plaintiff, its validity is in no manner affected by the defendant's, the obligor's failure to consent to such alteration.

By the act of 1798, ch. 101, sub. ch. 12, sec. 1, guardian's bonds are placed, in all respects, on the same footing with bonds given by executors and administrators; and by the act of 1829, ch. 24, sec. 1, limitations begin to run from the passing of such bonds.

Appeal from *Washington* county court.

This was an action of *debt*, brought on the 12th November 1841, by the appellant against the appellee, on the bond of *Joseph Firey, Samuel Miller*, and *Jacob Firey*, dated 3rd May 1824, conditioned, that *Joseph Firey* would perform the duty of guardian to his children, *Lewis* and *Henry*. The defendant, the appellee, appeared and pleaded *non est factum*, on

which issue was joined.   The jury found a verdict for the defendant.

1st EXCEPTION. At the trial of this cause, the plaintiff offered in evidence to the jury, the writing obligatory declared on, which was witnessed by *John Wyant,* for *Samuel Miller,* and *George C. Smoot.*

The plaintiff, thereupon, further offered in evidence by *John Wyant,* a competent witness, who proved, that *Samuel Miller,* the defendant, sent for witness to see him, the said *Samuel Miller,* sign the said writing obligatory, and that the said witness did, accordingly, see the said defendant sign, seal, and execute said bond. The witness further said, that he heard nothing from the defendant, as to who was to be his co-surety.

The defendant then offered in evidence *Matthew S. Vanlear,* a competent witness, by whom the defendant proved, that *Joseph Firey,* the principal in the said writing obligatory, had called on witness, and asked him to become one of his sureties in the said writing obligatory, the said *Joseph Firey,* at the same time, stated to witness, that the defendant would become, or had become the other surety upon the bond; that the witness refused so to become, and stated, that the defendant was good and sufficient, and that he had better obtain his brother, *Jacob Firey;* that said *Jacob Firey* was worth nothing, and could, therefore, lose nothing.

The defendant then offered in evidence, the following minutes of the proceedings of the Orphans court of *Washington* county.

"On application, *Joseph Firey* is appointed guardian to *Henry Firey,* aged eight years 25th March last; to *Lewis Firey,* aged six years 6th January last.   The court will approve of *Samuel Miller,* and *Jacob Firey,* securities.   See bond, dated 3rd May 1824."

"True copy, Test,—     JAMES WASON, Reg'r"

From which it appeared, on the face of the said minutes and proceedings, that the name of *Matthew S. Vanlear* had been erased, and the name of *Jacob Firey* inserted in the place thereof.

The plaintiff then moved the court to instruct the jury, that there was no evidence from which the jury could infer, that

*Matthew S. Vanlear* becoming a co-surety with said defendant, was necessary to make the said instrument of writing obligatory on the part of the said defendant; which instruction and direction the court, (T. BUCHANAN and MARSHALL, A. J.,) refused to give; but were of opinion, and so instructed the jury, that if they found from all the testimony in the case, that if the said defendant signed and sealed said bond, under the impression and the understanding, that the said *Matthew S. Vanlear* was to be his co-surety, that thereby the said bond is not the deed of the said defendant. The plaintiff excepted.

2ND EXCEPTION. The plaintiff further moved the court to instruct the jury, that it was not competent for the said defendant to avoid the said writing obligatory, by shewing that the said *Joseph Firey*, the principal obligor in the bond, had practised any misrepresentations of fraud upon the said defendant, by which he was prevailed upon to become the co-surety on said bond, under the impression, that the said *Matthew S. Vanlear* was to become his co-surety, unless the said misrepresentations were known to or participated in by the said plaintiff; which instructions and directions the court refused to give, but were of opinion, and so instructed the jury, that if they found from all the testimony in the case, that if the said defendant signed and sealed said bond, under the impression, and with the understanding, that the said *Matthew S. Vanlear* was to be his co-surety, that thereby the said bond is not the deed of the said defendant. The plaintiff excepted.

3RD EXCEPTION. It appeared upon the face of the writing obligatory, that the word, *"December,"* had been erased, and the word, *"May,"* inserted in the place thereof; and that the word, *"three,"* had been erased, and the word, *"four,"* inserted in place thereof; making the date of said bond, *"the 3rd day of May* 1824," instead of *" — day of December* 1823." It also appeared by the minutes and proceedings of the Orphans court, and by the said endorsement upon the back of said bond, that the said bond was received in the Orphans court, endorsed and placed upon record, on the 3rd day of May 1824.

The plaintiff then prayed the court to instruct the jury, that there does not appear upon the face of said bond, any altera-

tion of the date thereof, which will avoid the instrument; which opinion and direction the court refused to give to the jury, but were of opinion, and so directed the jury, that if they believe that the alteration or erasure, above mentioned, was made after the said defendant executed said writing obligatory, that it avoided the same as to him. The plaintiff excepted.

4TH EXCEPTION. It also appeared upon the face of the said bond, that there had been no alteration or erasure of the day of the date of said bond; but it did appear, that the word, "*December*," and the word, "*three*," were erased, and the words, "*May*," and "*four*," inserted; and it also appeared, that the original entries upon the minutes and proceedings of the Orphans court, which has herein been referred to, were made on the 9th December 1823.

The plaintiff prayed the court to instruct the jury, that if they believed, that at the time of the execution of this bond by *Miller*, the place of the date thereof, either of the day, month, or year, was left blank, that the fact of filling up, or alteration of said date, to make it correspond with the time of the delivery of the bond, does not avoid said bond as to said *Miller*; which opinion and direction the court refused to give to the jury, but were of opinion, and so directed the jury, that if they believed that the alteration or erasure, above mentioned, was made after the said defendant executed said writing obligatory, and without his consent or authority, that it avoided the same as to him. The plaintiff excepted.

The State for the use, &c., prosecuted this appeal.

The cause was argued before ARCHER, C J., DORSEY, CHAMBERS, SPENCE and MARTIN, J.

By J. T. MASON for the appellant, and
By W. PRICE for the appellee.

ARCHER, C. J., delivered the opinion of this court.

We have carefully examined the evidence detailed in first and second bills of exception, and we perceive no evidence from which the jury could find, that the bond upon which the suit was brought was signed and sealed by the defendant, un-

der the impression, and with the understanding, that *Matthew Vanlear* was to be his co-security. There is no evidence that the order, entered on the minutes of the court, was known to *Miller*, or that any representation was made to him, in relation to the person who was to be his co-security. The court were, therefore, in error, in giving the instructions contained in the first and second bills of exception. It is entirely unnecessary for us to express any opinion on the law, as announced by the court in these bills of exception: as it would be entirely uncalled for by the exigencies of the case. For the reasons above stated, the court below ought to have granted the appellant's prayer in the first bill of exceptions.

The court were right in rejecting the prayer offered by the appellee, in the second bill of exceptions, because the appellant had offered no evidence, that any misrepresentation or fraud had been practiced upon him.

In the third bill of exceptions, the plaintiff prayed the court to instruct the jury, that there does not appear upon the face of the said bond any alteration of the date thereof, which will avoid the instrument; which instruction the court refused to give to the jury, but were of opinion, and so directed the jury, that if they believe that the alteration or erasure, mentioned in the evidence, was made after the said defendant executed said writing obligatory, that it avoided the same as to him.

The bond, when presented to the defendant, and when executed by him, was dated as of December — 1823. The only blank in the bond consisted, in not designating the particular day of the month of December, when it was executed. In the bond filed, and upon which this suit has been brought, the month and the year was erased, and in lieu thereof was inserted, "*3rd of May* 1824." The bond thus described, was filed in the Orphans court, and by that court approved. The Orphans court in December 1823, had passed an order, that they would approve a bond signed by the defendant and *M. Vanlear;* the latter, however, having refused to become one of the securities, *Jacob Firey* signed the same, as co-security, in the place of *M. Vanlear,* and the bond thus signed, as we have seen, was ultimately approved by the Orphans court, as

appears by the alteration of their order. The alteration in the date, was no doubt occasioned by the delay of the principal obligor, in producing the bond to the Orphans court. It does not appear by whom the alteration was made, nor is it material to enquire, because there is no evidence it was made by the plaintiff, and we consider the alteration wholly immaterial; it did not in the least degree, tend to alter or enlarge the liability of the defendant.

As regards the statute of limitations, the rights of the defendant are in no manner affected. By the act of 1798, ch. 101, sub. ch. 12, sec. 4, guardians' bonds are placed, in all respects, on the same footing with bonds given by executors and administrators; and by the act of 1829, ch. 24, sec 21, limitations begin to run from the *passing* of such bonds. The time of the passing of this bond, within the meaning of this act of Assembly, is the day on which it was approved by the Orphans court.

If the above views are correct, the court were in error in refusing to give the instruction as prayed by the plaintiff, and in giving the direction which was given by them in this exception.

In the fourth exception, the court refused to instruct the jury, that if they believed that at the time of the execution of this bond by *Miller*, the place of the date thereof, either of the day, month, or year, was left blank,—that the fact of filling up or alteration of said date, to make it correspond with the time of delivery, does not avoid the bond as to *Miller;* but instructed the jury, that if they believed the alteration or erasure, above mentioned, was made after the defendant executed the said writing obligatory, and without his consent or authority, that it revoked the same as to him. Believing, as we do, that the alteration in the date of the bond was wholly immaterial; and there being no evidence that it was made by the plaintiff, the validity of the bond could in no manner be affected by the defendant's failure to consent to such alteration; and therefore think the court were in error, both in refusing the instruction prayed, and giving the direction adverted to.

JUDGMENT REVERSED AND PROCEDENDO ORDERED.