SAMUEL MILLER *vs.* THE STATE, USE OF HENRY FIERY.—
*December*, 1849.

Declarations of a party, that he signed a bond with the understanding that another person was to be his co-security, made *after* the act of signing, are not admissible in evidence as part of the *res gesta.*

Appeal from *Washington* county court.

The facts of this case will be found in the former appeal reported in 3 *Gill*, 335. The judgment being reversed on that appeal, and a procedendo awarded, the case was again tried, and the same evidence submitted, with the addition of the testimony of *Henry Ankenny* and *Jacob Powles*, of the declarations of *Samuel Miller*, the defendant, in which he stated that he had agreed to become the surety of said *Joseph Fiery*, and that said *Fiery* had represented to him that *Matthew S. Vanlear* was his other surety. To these declarations the plaintiff objected, upon the ground that they were made after his signing of said bond, and delivery thereof to said *Jacob Fiery*, and not at or before the time of such signing. Which objection the court (BUCHANAN and MARSHALL, A. J.,) sustained and refused to permit the same to go to the jury. The defendant excepted, and took the present appeal.

The cause was argued before DORSEY, C. J., MAGRUDER, MARTIN, and FRICK, J.

By WM. PRICE, for the appellant, and
By J. T. MASON and F. A. SCHLEY, for the appellee.

MARTIN, J., delivered the opinion of this court.

In this case an action of debt was instituted in *Washington* county court, by the appellee against the appellant, upon the bond of *Joseph Fiery*, *Samuel Miller*, (the defendant,) and *Jacob Fiery*, dated the 3rd of May, 1824, and conditioned for the faithful performance of the duty of guardian, by *Joseph Fiery*, who was the principal obligor.

The appellant appeared to this action, and pleaded *non est factum*. Issue was joined on this plea. The execution of the bond by the appellant, in the month of December, 1823, was proved by the attesting witness. This fact was not, indeed, controverted or denied; but the ground of defence taken by the appellant, under this plea of *non est factum*, was, that he executed this bond under the impression, and with the understanding that a certain *Matthew S. Vanlear* was to be his co-security, and that in legal contemplation the writing in question was not to be considered as his deed, inasmuch as the condition upon which he signed it, had been violated without his consent.

It appears from the record, that at the trial of the cause below, the appellant, for the purpose of showing the circumstances under which he executed this instrument of writing, offered to prove, by *Henry Ankenny*, "that in the month of December, 1823, about the 12th or 15th of the month, the witness was at the house of the appellant, and that the appellant then said, in his family, that he had been at *Joseph Fiery's* that day, and had been prevailed upon by said *Fiery* to become his surety in his guardian's bond, as guardian to his two sons. That *Matthew S. Vanlear* was the other surety in the said bond, and that if he was fool enough to lose one-half of the money belonging to the said wards, he supposed that he would have to lose the other half." And also proposed to prove, by another witness, *Jacob Powles*, that the appellant, in a conversation held with the witness, at some time between the fall of 1823, and the 3rd or 4th of January, 1824, stated, "that *Joseph Fiery* had called on him to become his surety in his guardian's bond, as guardian for his two sons, and he had refused him. That the said *Fiery* complained that strangers would do more for him than his own friends. That he afterwards had agreed to become his surety, and that *Matthew S. Vanlear* was the other surety, and that if *Matthew S. Vanlear* was fool enough to lose seven or eight hundred dollars, he supposed he must do the same. That he felt confident they would have to pay it."

The declarations of the appellant, which we have thus quoted

at large from the record, form the subject of the exception taken in this case; and the single question presented for our consideration is, whether they were admissible in evidence as a part of the *res gesta?*

By recurring to this case as it is reported in 3 *Gill,* 335, it will be seen, that when it was originally tried, the county court instructed the jury, " that if they found, from the testimony in the cause, that the defendant signed and sealed the bond in controversy, under the impression, and the understanding that *Matthew S. Vanlear* was to be the co-surety, that, thereby, the said bond was not the deed of the defendant." This instruction was reversed in the appellate court, upon the ground, as stated in their opinion, that there was no evidence from which the jury could find that the bond upon which the suit was brought, was signed and sealed by the defendant, under the impression and with the understanding that *Matthew S. Vanlear* was to be his co-security. The Court of Appeals, however, refrained from the expression of any opinion with respect to the legal proposition enunciated by the county court, as it was not called for by the exigencies of the case; and it is perfectly apparent, that at the second trial of this cause, the declarations of the appellant were proposed to be introduced for the purpose of explaining the intention and design with which he signed and sealed the bond in controversy, and that, although the paper appears upon its face to have been absolutely executed, it was in fact, executed by him upon a condition that had not been performed.

It is, then, obvious that the signing and sealing of this instrument of writing, by the appellant, in December 1823, was the *act* intended to be explained and qualified by his declarations. And assuming this to have been the aim and purpose of the testimony, an insuperable objection to the admissibility of those declarations in evidence, as a part of the *res gesta,* is, that they were made posterior to the signing and sealing of the instrument in question; that they constituted no part of the transaction they were intended to illustrate; and were merely the narration of a past occurrence, in which the appellant re-

lated the circumstances under which he was induced to place his name upon the bond.

In defining the rule with respect to the admissibility of declarations in evidence, as a part of the *res gesta*, the supreme court of *Connecticut*, in *Enos vs. Tuttle*, 3 *Conn.*, 250, said: "The declarations, to be a part of the *res gesta*, must have been made at the time of the act they are supposed to characterise, and well calculated to unfold the nature and quality of the facts they were intended to explain, and so to harmonise with them as to constitute one transaction."

In the case of *Kolb vs. Whitely*, 3 *Gill & John.*, 196, the Court of Appeals said: "The rule is well settled, that where the expressions heard constitute a part of the transaction, they are admitted to show its character, or the speaker's intention. * * * Hearsay is often admitted in evidence as part of the *res gestæ*, the meaning of which seems to be, that where it is necessary, in the course of a cause, to inquire into the nature of a particular act, and the intention of the person who did the act, proof of what the person said at the time of doing it, is admissible evidence for the purpose of showing its true character." This rule of evidence is recognised in the cases of *Cross vs. Black*, 9 *Gill & John.*, 198, and *Miles vs. Knott*, 12 *Gill & John.*, 454, and will be found to be very clearly stated and illustrated by *Mr. Evans*, in his notes to the second volume of *Pothier on Obligations*.

We think, therefore, that the county court were correct in ruling these declarations to have been inadmissible. We forbear to express any opinion with respect to the legal effect of those declarations upon the obligation of the appellant, if they had been admissible in evidence, as the question is not before us upon the record, and anything we might say upon this subject, would not carry with it the force of an authoritative decision.

JUDGMENT AFFIRMED.