## SHEPARD *vs.* GIDDINGS.

Secondary evidence of the contents of a writing, which is in the possession of a third person, residing out of the jurisdiction of the court, and which can not be presumed to be in the possession of the opposite party, is admissible, without giving previous notice to said party, to produce the original.

THIS was an action of ejectment, brought to the superior court, for the county of Litchfield, in August, 1850, to recover possession of certain premises situated in Barkhamsted ; of which premises the plaintiff claimed to have been dispossessed, by the defendant. On the trial to the jury, at the August term, 1852, under the general issue, with notice of special matter, the plaintiff claimed title to the demanded premises, from the administrators of Orville Howd, deceased, under a deed made by said administrators to him, by virtue of an order of the court of probate for the district of Barkhamsted, dated July 1, 1850. The defendant claimed title to the same premises, by virtue of a deed from the said Howd, in his lifetime, dated September 22d, 1845. The plaintiff claimed, that this last mentioned deed was fraudulent and void, as against the creditors of said Howd, deceased,—and this the defendant denied. The defendant, as proof conducing to show that he had paid a full and fair price, *bona fide,* for the demanded premises, and that his deed was good, as against the creditors of said Howd, and against the plaintiff, as the purchaser under said administrator's sale, among other things, offered in evidence a copy, duly proved as such, of a contract made by him with said Howd, and by him delivered to said Howd, in pursuance of an agreement made between them, at the time of the execution of said deed, from said Howd to him, accompanied by proof conducing to show, that he had, on his part, fully performed said contract. To the admission of said copy in evidence, the plaintiff objected. The defendant had given to the plaintiff no notice to produce the original ; and it was

Shepard *v.* Giddings.

proved to the court, that the original contract had been delivered by the defendant, to said Howd, and had never been in the defendant's possession since.

After the death of said Howd, said original contract came into the hands and possession of Dwight Howd, a son of said deceased. Said Dwight Howd, soon after, removed to the territory of Wisconsin, and took with him said original contract, and still retains the same, and now resides in Wisconsin. The defendant never knew, nor had reason to suppose, that said original contract was in the hands and possession of said Dwight Howd, or that it ever had been, although it was proved, that the defendant himself resides, and for some time has resided, in said Wisconsin, and within five miles of the residence of said Dwight Howd. Whereupon the court overruled said objection, and admitted said copy to be read in evidence.

The plaintiff thereupon moved for a new trial; and the question arising thereon, was reserved for the advice of this court.

*Goodwin* and *Hollister,* for the motion.

*Hall* and *J. B. Foster, contra.*

ELLSWORTH, J. The preliminary proof was sufficient to allow the introduction of the evidence offered. The original paper was in the state of Wisconsin, out of the jurisdiction of the court. Notice to the plaintiff himself, was not necessary; for he claimed, in opposition to the paper, and could not be presumed to have possession of it, or even to have knowledge of its existence. The executor or administrator of Orville Howd, was the person, who, it should be presumed, held and controlled the paper, but whether he was still living, or if so, in this state or elsewhere, did not appear, on the trial. But it did appear, in fact, that he did not hold the paper. It was in the hands of a person in another state, not subject to the call or control of the defendant. If the

defendant had indeed known, that it was in Wisconsin, he could not have compelled the possessor of it, there, to give any more than what the defendant already had, a true copy.

In this opinion the other judges concurred, except CHURCH, C. J., who tried the cause in the court below.

New trial not to be granted.