## Missouri, Kansas & Texas Railway Company of Texas v. R. S. Dilworth.

### No. 1082.  Decided March 20, 1902.

**1.—Secondary Evidence—Writings Beyond Jurisdiction.**

Secondary evidence may be received of the contents of an instrument which is beyond the jurisdiction of the court and will not be produced voluntarily by the holder. Sayles v. Bradley, 92 Texas, 406, followed. (P. 331.)

**2.—Same—Efforts to Produce the Original.**

Showing of effort to produce the original of an instrument in possession of a third party beyond the jurisdiction, as a basis for secondary evidence, if necessary at all, need not be made where circumstances indicate that the effort would be unavailing, as where the writing was a voucher useful to the possessor in keeping his accounts. (Pp. 331, 332.)

**3.—Opinion—Market Value.**

Opinion as to market value of cattle is not admissible where the witness shows no knowledge except from an inquiry and offer from one person. (P. 332.)

**4.—Same—Harmless Error.**

See opinion for facts under which improper admission of opinion evidence as to market value was held not to be such error as required reversal. (P. 332.)

**5.—Damages—Price Paid by Plaintiff.**

Evidence of the price plaintiff paid for the property on which damages were claimed was not admissible. (Pp. 332, 333.)

Error to the Court of Civil Appeals for the Third, District, in an appeal from Hunt County.

Dilworth sued the railway company for damages to cattle during transportation, and recovered judgment. The company appealed and on affirmance obtained writ of error.

*A. B. Storey, Walton & Walton,* and *A. S. Phelps,* for plaintiff in error.—The Court of Civil Appeals erred in sustaining the action of the court below in the admission of the testimony of the witness McGuffin, who testified for the plaintiff in regard to the market value of said cattle at Caney, Kan., at the date of their receipt there, over the objection of appellant that the said witness had not qualified himself as knowing the market value of said cattle at Caney, Kan. To authorize one to testify to market value it must be first shown, if the question of competency is raised, that the witness himself knows the market value from personal knowledge of sales, or that he has investigated from people that know and have shown themselves to be competent, and a witness' statement that he testifies from his own knowledge does not qualify him. Railway v. Staton, 49 S. W. Rep., 277; Railway v. Wright, 21 S. W. Rep., 80; Railway v. Cocreham, 30 S. W. Rep., 1118; Railway v. Word, 21 S. W. Rep., 607; Lawson, Exp. and Op. Ev., 439, 440.

The Court of Civil Appeals erred in sustaining the lower court's action in refusing to permit the testimony of plaintiff sought to be drawn out on cross-examination, which was as follows: Plaintiff being on the stand in his own behalf was asked by appellant what like cattle as those shipped by him could have been bought for in the market at Sabinal at the time he purchased the cattle shipped by him out of which shipment this suit grew; if he did not pay for said cattle the sum of $20 per head; and if said cattle were not shipped by him at a cost of $2 per head. Which was excluded on objection by appellee on the ground that the same was irrelevant, that he purchased said cattle at Sabinal, Texas, just prior to their shipment at $20 per head, and kept them from April to August at a cost of 75 cents per head and sold them at $30. When the question of market value at a certain point is in doubt, then an investigation as to the market value at adjacent points is proper; and on cross-examination of the party contesting the market value sought to be shown, an investigation into any fact tending to throw light upon the real value of the cattle and at the point where the value must be fixed is legitimate.

Nearness of market is not measured necessarily by miles, but more properly by facilities of access. The market value of an animal at some point where there is no market value can be shown by fixing the market value of like animals at the point of shipment, and adding therto the cost of transportation to the terminal point where no market value has been fixed by sales. Railway v. Maetze, 2 Willson C. C., sec. 631.

The Court of Civil Appeals erred in sustaining the action of the lower court in permitting the witness De Witt to testify as to the contents of a written instrument. The appellee offered to introduce in evidence the deposition of the witness De Witt, a local agent of the Missouri Pacific at Caney, Kan., by said witness to prove, among other things, that said cattle reached their destination at Caney, Kan., upon a bill of lading issued by the Missouri, Kansas & Texas Railway Company at Waco, Texas, and that said bill of lading showed that said freight had not been prepaid; and that there was due on said cattle the entire freight from Sabinal, Texas, to Caney, Kan. Rules of Evidence 9 and 10, Sayles' Stats., 809, 812; Telegraph Co. v. Williford, 27 S. W. Rep., 700; McCormick, etc., Co. v. Millett, 29 S. W. Rep., 80; Longino v. Ward, 1 White & W. C. C., sec. 525; Abernathy v. Howlett, 2 Willson C. C., sec. 805; Farmer v. Simpson, 6 Texas, 303. Notice to produce: Dunn v. Choate, 4 Texas, 18; Watson v. Walker, 67 Texas, 652; Ury v. Houston, 36 Texas, 268; Bray v. Aikin, 60 Texas, 691; Jameson v. Officer, 39 S. W. Rep., 190; Cotton v. Campbell, 3 Texas, 494; Low v. Tandy, 70 Texas, 749; Miller v. Goodman, 40 S. W. Rep., 743; Dean v. Border, 15 Texas, 298; Johnson v. Brown, 25 Texas Supp., 127.

The Court of Civil Appeals erred in sustaining the lower court's action in permitting the witness A. V. Martin to testify to the entire contents of a bill of lading without accounting for its absence, over defendant's objection. Secondary evidence of the contents of a written instrument is only admissible when shown to be lost or destroyed, or when the paper is in the hands of the opposite party, after notice to produce has been given, and not complied with. Foot v. Stillman, 77 Texas, 271; Bateman v. Bateman, 16 Texas, 544.

*Burgess, Hopkins & Rainbolt,* for defendant in error.—If there was error in the admission of McGuffin's testimony, it was perfectly harmless, in view of the moderate verdict, and abundant testimony from Cavett and McCoy, which would amply support a verdict for twice the amount rendered.

What appellee paid for the cattle when and where he purchased them was utterly immaterial, and could furnish no basis for calculating, by the addition of freights and expenses, what the market value at Caney, Kan., was.

The proof of the contents of the bill of lading executed at Waco by the defendant's agent and shipper's agent would be immaterial, the

original being attached to the defendant's answer and introduced in evidence.

If this bill of exception can be held to apply to the "way bill," which was not issued to the shipper, but delivered to the defendant's own employes, it was shown to be in the possession of De Witt, who held it as their agent, and its contents were admissible to explain why and for whom he held the cattle.

It was permissible to prove by De Witt what road issued the waybill upon which he held the cattle, and the defendant's concession in its trial amendment to the effect that the waybill upon which De Witt acted demanded the payment of the whole freight from Sabinal, and that he acted in good faith, makes the introduction of the proof of the contents of such waybill immaterial and harmless error, because conceded to be true by the defendant's own pleadings.

If the admission of this testimony under all the above propositions is considered by the court to be error, clearly it is harmless, for the reason that the admissions of defendant's own agent, together with the testimony, unexcepted to, of De Witt's statements to Cavatt and in his presence, showed beyond controversy that the waybill was issued by defendant's agents, and incorrectly required the payment of the freight.

The testimony was admissible as mere matter of inducement, and showing source of information upon which it was proved without objection that Martin, the agent of the San Antonio & Aransas Pass, notified Bower, the agent at Waco of defendant's road, by a transfer sheet delivered to him, of the prepayment of the freights.

GAINES, CHIEF JUSTICE.—The defendant in error brought this action against the plaintiff in error to recover damages to cattle belonging to him which were transported over the company's line. The plaintiff recovered a judgment, which was affirmed in the Court of Civil Appeals.

The cattle were received by the Galveston, Harrisburg & San Antonio Railway Company, destined to Caney, Kan., and were routed over the line of the receiving carrier to its connection with the San Antonio & Aransas Pass Railroad, thence over the latter line to the defendant's road at Waco, thence over the defendant's road to its junction with the Missouri Pacific Railroad, and thence over the Missouri Pacific to their destination. The charges for the entire transportation were paid in advance to the initial carrier, and the fact that the freight had been paid was noted on the waybill which accompanied the shipment to Waco. There was some evidence tending to show unnecessary delay in transporting the cattle over the defendant's line. When the cattle reached Caney, Kan., they were not delivered, for the reason that it did not appear to the agent of the Missouri Pacific company at that station that the freight had been paid. They were placed in muddy stock pens and held for about thirty hours, by reason of which they were deteriorated in value.

During the progress of the trial, the deposition of one Martin, the local agent of the San Antonio & Aransas Pass Railway Company, was offered in evidence, in which, "having been asked to attach the contract or waybill upon which the cattle were shipped," he testified: "That said cattle came into the possession of the San Antonio & Aransas Pass Railway Company on a bill of lading issued by the Galveston, Harrisburg & San Antonio Railway at Sabinal, Texas, in which said bill of lading the said cattle were contracted to be delivered at Waco, Texas. That the bill of lading had not been issued beyond that point for the reason that the Galveston, Harrisburg & San Antonio Railway Company did not have through billing arrangements with the Missouri, Kansas & Texas Railway Company beyond Waco." The defendant, by counsel, objected to the testimony on the ground "that said bill of lading was the best evidence of the terms of the contract upon which the cattle were shipped from Sabinal to Waco and its absence was not sufficiently accounted for to authorize secondary proof of its contents." The objection was overruled and the testimony admitted. In this we think there was no error. The statement of facts shows that the witness was asked to attach the papers to the deposition and that he declined to do so, for the reason that the rules of the company did not permit it. It is to be inferred from his deposition that the witness was, at the time of its taking, agent of the San Antonio & Aransas Pass Railroad Company at Waco, and that his deposition was taken in McLennan County. At all events, it does not appear that he resided in Caldwell County, in which the case was tried, and, in the absence of proof, we should have to assume, in support of the court's ruling, that such fact did not exist. The point therefore falls within the rule laid down in the case of Sayles v. Bradley, 92 Texas, 406, in which, under similar circumstances, it was held that secondary evidence of the contents of a writing was admissible.

The question of the admissibility of the testimony of De Witt, the agent of the Missouri Pacific Railroad Company, at Caney, Kan., is a more difficult one. His deposition was taken and offered in evidence, and, as shown by the bill of exceptions, contained the following testimony: "That said cattle reached their destination at Caney, Kan., upon a bill of lading issued by the Missouri, Kansas & Texas Railway Company of Texas at Waco, Texas, or that said bill of lading showed that no freight had been prepaid, and that there was due upon said cattle the entire freight from Sabinal, Texas, to Caney, Kan." The statement of facts shows that the witness testified as to the contents of the waybill and not of the bill of lading, but we think this discrepancy unimportant. The testimony was objected to on the ground "that the same was hearsay and would be permitting the witness to testify to the contents of a written instrument without first properly accounting for the nonproduction of said instrument." The objection was overruled and the answers read. The testimony was clearly not hearsay. In this instance, however, it does not appear that any effort

was made to procure the original paper or that the witness was asked to attach it to his answers. There are two lines of decisions upon the question of the admission of secondary evidence as to the contents of a written instrument when it is beyond the jurisdiction of the court. In some of the courts, it is held that it must be shown that some effort has been made to procure the original, but the weight of authority seems to be that such showing is not necessary. Young v. Railway, 80 Ala., 100; Bozeman v. Browning, 31 Ark., 364; Kleeberg v. Schrader (Minn.), 72 N. W. Rep., 59; Manning v. Maroney, 87 Ala., 563; Waller v. Cralle, 8 Mon., 11; Shepard v. Giddings, 22 Conn., 282; Otto v. Trump, 115 Pa., 425; Zellerbach v. Allenberg, 99 Cal., 57; Bowden v. Achor, 95 Ga., 243. The showing, if any, must be made to the trial judge, and we are of opinion that where the circumstances are such as to indicate that an effort to procure the original writing would be unavailing no proof of such effort is necessary. No good reason is seen for requiring a party to do a futile thing. The writing in this case was in the possession of officers of the Missouri Pacific Railway Company and was a voucher, useful in keeping their accounts, and it seems to us that it was not at all probable that they would have consented to part with its possession. Clearly the witness, if he still had it in his possession, was not authorized to yield it up. We conclude that the court did not err in admitting the testimony.

One McGuffin, a witness for the plaintiff, was permitted to testify, over the objection of the defendant, that the value of the cattle on the day of their arrival at Caney was $25 per head, and that on the day after they were worth only $22.50. The objection was urged, after, in response to a question by defendant's counsel, he had answered in effect, that he only knew the market value at that place by reason of the facts that on the day of their arrival "a fellow asked him if they could be bought for $25 per head, and that on the next day the same party told him he would give $22.50 for said cattle." We think that these facts were not sufficient to justify the court in admitting in evidence this opinion of the witness as to the value of the cattle, and that it was error not to exclude the testimony. But the effect of the evidence was merely to show the deterioration in value of the cattle by reason of their detention in the pens, and there were two other witnesses who testified without objection upon the same point,—each of whom testified to as much or a greater depreciation in value from the same cause as did McGuffin. There was no other testimony upon the point. The testimony of this witness was merely corroborative of that of the others, each of whom testified that the cattle were depreciated by the detention $3 or $4 per head. The verdict of the jury itemized the damages awarded by them and allowed only $1.50 per head on this account. It is apparent, therefore, as we think, that the admission of the testimony could not have influenced the verdict to the prejudice of the defendant and that therefore it was harmless. There was no error in refusing to admit testimony as to the price which plain-

tiff paid for the cattle at Sabinal, or as to what they cost him delivered at Caney. This was an immaterial matter. His damage was the same, no matter what they may have cost him.

Finding no error in the proceedings for which the judgment should be reversed, the judgment of the trial court and that of the Court of Civil Appeals are affirmed.

*Affirmed.*