PRIETO v. HUNT.   (No. 309.)

(Court of Civil Appeals of Texas.   El Paso.   May 7, 1914.)

EVIDENCE (§ 185*)—SECONDARY EVIDENCE.

In an action for commissions for the sale of cattle, evidence *held* to show that the possession of a letter evidencing the contract was wrongfully and fraudulently obtained by defendant, thus rendering secondary evidence of the contents thereof admissible without notice to defendant to produce the original.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 642–660; Dec. Dig. § 185.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by Charles F. Hunt against Francisco A. Prieto. From a judgment for plaintiff, defendant appeals. Affirmed.

Ballard Coldwell, of El Paso, for appellant. Chas. A. Kinkel, of El Paso, for appellee.

HIGGINS, J. Hunt filed suit against Prieto to recover the sum of $2,961.75, alleged to be due as commission for the sale of cattle. It was averred that the parties had entered into a written agreement in the city of El Paso, Tex., whereby the defendant agreed to pay a certain sum per head if plaintiff should procure a purchaser and effect the sale of certain cattle for defendant.

Plaintiff resides in El Paso, Tex., and defendant in the city of Chihuahua, Mexico. The testimony discloses that the contract between the parties was evidenced by a letter written by Prieto to Hunt, in which the former agreed to pay to the latter a sum per head for cattle to be sold by Hunt. Upon the trial secondary evidence of the contents of this letter was admitted over the objection that a proper predicate therefor had not been laid, since notice to produce the original had not been given. It was shown that the letter was in possession of the defendant, who obtained the same under the following circumstances: After the sale had been effected, Prieto failed to pay any commission, and wrote Hunt that he was in error in claiming the amount which he demanded, but, if Hunt had in his possession "any evidence that justifies what you say, I will comply with the requirements of such document." Mrs. Hunt took the letter containing the proposition of Prieto and went to the city of Chihuahua, Mexico, to see him. She called upon him and gave him a statement of the account, together with the letter containing his original proposal. Mrs. Hunt testified:

"I left that letter with him because he told me to return in the afternoon, and that he would settle on the basis of that letter and statement at his residence in Chihuahua. I did return to his residence at 4 o'clock that afternoon. I did not get the letter; his servant told me he had gone to the country. When I went to see him in the morning, he was called to the door by his servant, and he talked to me very gruffly, and told me to return. I only went in as far as the vestibule. I handed him the letter and statement together. * * * Mr. Prieto told me the morning I called on him to return in the afternoon at 4 o'clock and he would settle. When I returned, his servant said he was not there, but his coach was at the side of the house. I have never seen the letter since that time."

The general rule is well settled that secondary evidence of the contents of a written instrument in the possession or under the control of the adverse party is inadmissible, unless due notice to produce the original has been given. To this rule there are a number of exceptions; one, to the effect that it is not necessary that such notice to produce be given if the adverse party has wrongfully or fraudulently obtained possession of the document. 2 Jones' Commentaries on Evidence, § 223, at page 295; 17 Cyc. 529; Cheatham v. Riddle, 8 Tex. 162. The circumstances detailed above strongly indicate that Prieto fraudulently obtained possession of the letter for the purpose of destroying the absolute and primary evidence of his obligation. The letter in which he wrote Hunt that, if there was any evidence in Hunt's possession justifying the demands made, he

would comply with the requirements thereof, coupled with the facts testified to by Mrs. Hunt, showing that he obtained the letter under promise of adjustment, and his failure to keep his appointment made for the purpose of making the same, was sufficient evidence to warrant the trial court in assuming that possession of the letter had been wrongfully and fraudulently obtained. Ry. Co. v. Dilworth, 95 Tex. 327, 67 S. W. 88.

For the reason indicated, the court did not err in admitting secondary evidence of the contents of Prieto's letter, and the judgment is affirmed.