Texas and Pacific Railway Company v. J. W. Dishman.

Decided December 23, 1905.

**1.—Shipment of Stock—Measure of Damages.**

In a suit for damages to a shipment of horses it was not error to refuse to allow the defendant to prove by the plaintiff on cross-examination what the plaintiff paid for the horses just prior to shipment, when it was undisputed that the horses had a market value at their destination. Plaintiff's damage is the difference in market value of the horses in an injured and uninjured condition at their destination.

**2.—Litigious Plaintiff—Immaterial Fact.**

It was not error for the court to refuse to allow defendant to prove by plaintiff on cross-examination that he had had a number of suits against the defendant and at that time had one pending on appeal. This testimony was immaterial and did not tend to prove any issue in the case.

**3.—Special Charges Properly Refused.**

Requested charges considered, and held properly refused because not warranted by the pleading or evidence.

Appeal from the District Court of Taylor County. Tried below before Hon. J. H. Calhoun.

*J. M. Wagstaff* and *T. P. Davidson,* for appellant.—The appellee having testified, in the direct examination, that the horses loaded at Fort Worth, Texas, would have been worth in the market at Memphis, Tenn., if they had arrived there in good condition, from $75 per head to $125 per head, it was competent to prove, on cross-examination, that these horses were bought on the market in Fort Worth, Texas, for $22.50 per head, for the purpose of discrediting the testimony of plaintiff, and for the purpose of tending to show the market value at Memphis, Tenn., was not as great as the appellee testified it was. Gulf, C. & S. F. Ry. Co. v. Anson, 82 S. W. Rep., 785.

The appellant had the right to contract with the plaintiff for the loading of his stock, and having contracted that the defendant would not be responsible for the stock being improperly loaded, and there being evidence of the fact that the stock were improperly loaded, the charge requested should have been given, as under the contract defendant would not be liable for the stock being improperly loaded. Texas & Pac. Ry. Co. v. Edins, 83 S. W. Rep., 253; Missouri Pac. Ry. Co. v. Edwards, 78 Texas, 313.

The court erred in refusing special instruction number 2, requested by the defendant, as follows: "If you believe, from the evidence in this case, that the stock loaded October 22, 1903, at Union Stockyards, were loaded by the stockyards employes, and not by any agent or employe of defendant, or anyone employed by defendant, then, in that

event, you will not find against defendant any damages, if any, that may have occurred to the stock by reason of the car not being properly sanded, if you believe the car was not properly sanded." Texas & Pac. Ry. Co. v. Edins, 83 S. W. Rep., 253; Missouri Pac. Ry. v. Edwards, 78 Texas, 313; Texas Cent. Ry. v. O'Loughlin, 72 S. W. Rep., 610.

*Cunningham & Oliver,* for appellee.—The testimony showing there was a market value for the stock in question at Memphis, Tennessee, the place of destination, the court did not err in refusing to permit appellant to prove the price paid for the stock in question at Fort Worth, Texas. Plaintiff, J. W. Dishman, testified as follows: "I had shipped stock to Memphis previous to that time. I know the market value of the horses in question at Memphis at the time they arrived there. If they had reached Memphis with only such damage as ordinarily occurs in shipping them their market value would have been from $55 to $100 apiece." Defendant offered no proof as to their market value at Memphis. Missouri, K. & T. Ry. Co. v. Dilworth, 95 Texas, 332, 333; Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 14 Texas Ct. Rep., 100.

SPEER, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Taylor County in February, 1904, and is an action for damages for rough handling and delay in transporting a car of horses from Fort Worth to Texarkana, Texas. The final destination of the horses was Memphis, Tennessee, and this fact was known by the defendant, Texas & Pacific Railway Company. The defendant pleaded specially that the horses were shipped on written contract, and that the plaintiff agreed to hold it harmless by reason of the stock being overloaded or improperly loaded, and further, that the plaintiff undertook to load the stock and put too many head in the car, by reason of which negligence the horses were injured. There was a trial in April, 1905, resulting in a judgment in favor of the plaintiff in the sum of $741, from which judgment this appeal had been perfected.

We hold there was no error in refusing to permit the appellant to prove by the appellee, on his cross-examination, that he only paid $22.50 per head for the horses in the shipment upon the market at Fort Worth just prior to the shipment. There is no question but that the horses are shown to have had a market value at Memphis, Tennessee, their destination, and, this being true, appellee's damage is to be measured by the well-known rule applicable to cases of this character; that is, the difference between the market value of the animals in an injured and uninjured condition. His damages are the same whether his stock originally cost him much or little. The fact that they may have cost him only $22.50 per head at Fort Worth in no way tends to prove their market value at Memphis, Tennessee, and evidence of this fact was, therefore, properly excluded. (Missouri, K. & T. Ry. Co. v. Dilworth, 95 Texas, 327.) A different rule with respect to the admission of such evidence may obtain where the injured animals are not shown to have a market value. (Gulf, C. & S. F. Ry. Co. v. Anson, 82 S. W. Rep., 785; Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 14 Texas Ct. Rep., 100.)

Appellee, while testifying in his own behalf, on cross-examination, was asked if he had not had a great number of suits against appellant company, and did not have at that time one pending on appeal, in addition to the present suit. He would have answered that he had had a number of suits against appellant, and also had one on appeal at that time, but, upon objection of appellee that the same was immaterial and did not tend to prove any issue in the case, the court excluded the evidence. In this we think there was no error. It is insisted by appellant that this testimony should have been admitted for the purpose of showing intent and good faith in bringing the suit, and for the purpose of showing bias or feeling against defendant. The first contention is evidently frivolous, for whatever appellee's intent or good faith in bringing the suit may have been, it would not affect his right to a recovery if he stated and proved a good cause of action. Nor was the evidence admissible for the purpose of showing bias or feeling against appellant. Necessarily, a plaintiff in an action is interested, and to that extent stands discredited before the jury. Proof, therefore, that appellee had other suits against appellant would add nothing to the established fact that he had cause for bias against appellant. In Carr v. Smith (39 S. E. Rep., 831) this question is discussed in the following language: "It is said that the rule (forbidding inquiry into collateral issues) is relaxed in cases when the cross-examination relates to collateral matters that tend to show the temper, disposition or bias of the witness cross-examined. But in this instance the rule can not be said to be relaxed, for the witness is one of the parties to the suit himself, and might naturally be expected to have feeling in the suit and its results. . . ."

There was no error in refusing appellant's special instruction number 1, because it sought to have the jury find against appellee if the car in which his horses were shipped was improperly bedded, when it had neither pleaded nor proved that appellee had undertaken to bed the car for such shipment. The court, in his general charge, seems to have followed more closely the pleading and evidence of appellant, upon the issue of appellee's duty to properly load the car, than did the special charge referred to.

There is nothing, either in the pleadings or evidence, that would have justified the court in giving appellant's special instruction number 2, to the effect that it would be relieved of liability if the stockyards employes, at the Union Stockyards in Fort Worth, improperly sanded the car preparatory to loading and shipping these horses.

All assignments of error are overruled, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.