CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY ET AL. V. W. H.
ROGERS.

Decided June 18, 1910.

**1.—Carrier of Live Stock—Damages—Evidence.**

In the absence of evidence showing that there was no market value for
animals at the place of their destination, testimony as to the price paid by the
owner of such animals at the point of shipment is not admissible for the
purpose of discrediting the owner's testimony as to what would have been the
value of the animals at their destination but for the injuries they sustained
during transportation.

**2.—Same—Measure of Damage.**

The proper measure of damage to live stock during transportation being
such depreciation in their market value at destination at the time of their
arrival as was occasioned by the carrier's negligence, the court properly refused
a special charge giving as the measure of damage the expense necessary to
restore the stock to their normal condition.

**3.—Practice—Charge—No Issue.**

It is proper for the trial court to refuse to submit an issue which is
not raised by the evidence, or which has been already presented by the charge
of the court. Rule applied.

**4.—Shipper—Claim for Damages—Suit for Larger Amount.**

When the amount of the verdict of a jury against a railroad company for
damages to a shipment of livestock is supported by the evidence, the fact
that the owner, shortly after the shipment, presented a claim for a less
amount, is not sufficient cause for setting the verdict aside.

Appeal from the District Court of Potter County. Tried below be-
fore Hon. J. N. Browning.

*Lassiter & Harrison* and *Turner, Boyce & Hendricks,* for appellant.

*Barrett & Jones,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—W. H. Rogers recovered a judg-
ment for three hundred dollars against each of the defendants, the Chi-
cago, Rock Island & Gulf Railway Company and the Chicago, Rock
Island & Pacific Railway Company, on his claim for damages for al-
leged negligence in the shipment of twenty-eight head of horses belong-
ing to the plaintiff. The horses were shipped from Carlsbad, New
Mexico, to Altus, Oklahoma. A portion of the route of shipment was
over lines of other railway companies who were also made defendants
in the suit, but judgment was rendered in favor of those companies.

The petition contained the usual allegations of delay and rough
handling as a basis for the charge of negligence alleged against all of
the defendants. The damages for which a recovery was sought con-
sisted in alleged depreciation in the market value of the animals, and
that measure of damages was submitted in the charge to the jury.

Plaintiff purchased nearly all the horses in the vicinity of Carlsbad,
New Mexico, a few days before they were shipped, and, upon cross-
examination, appellants sought to prove by him the prices paid for the

horses so purchased. The purpose of the testimony thus sought was to discredit plaintiff's estimate of what would have been the market value of the horses at their destination but for injuries which he alleged they sustained en route. Upon plaintiff's objection thereto this evidence was excluded. If it had been shown that there was no market value for the animals at the place of their destination, or if there had been an absence of competent testimony to prove with a reasonable degree of certainty the market value of the animals at Altus, doubtless, the testimony would have been admissible. Gulf. C. & S. F. Ry. Co. v. Jackson, 99 Texas, 343; Texas & P. Ry. v. Newsome, 44 Texas Civ. App., 518 (98 S. W., 646); Wells Fargo Express Co. v. Williams, 71 S. W., 315. But the testimony was practically uncontroverted that the horses had a market value at their destination and under such circumstances there was no error in sustaining plaintiff's objection to the question. Texas & P. Ry. v. Barber, 30 S. W., 500, and authorities there cited.

It is insisted that there was no evidence to prove that the horses were ever transported over the line of railway of the Chicago, Rock Island & Pacific Railway Company, and this contention is made the basis of a criticism of the charge authorizing a recovery against the appellant last named in the event of a finding that the horses were transported over that railway, and a further finding of negligence on the part of that company resulting in depreciation in the market value. After a careful examination of the statement of facts contained in the record we find that there is no merit in this contention.

The following instruction was requested by appellants but refused: "You are instructed that if you should find that the plaintiff is entitled to recover anything herein against these defendants or either of them, then if you find that the horses, upon their arrival at destination, had been injured in any manner by either of the Rock Island lines, yet if you find that certain damages or any portion thereof were temporary and could be lessened by the plaintiff taking proper care of said horses, and that said horses were in fact restored to their normal condition at a slight expense, then you will only find such damage as the plaintiff may have sustained, considering the length of time which it would take to restore said horses to their normal condition and the expense necessary thereto. And after determining what such loss or damage to the plaintiff, if any, was, based on such considerations, you will then determine whether either of these defendants caused any part of the damage, and if so, you will apportion such damage to such lines respectively as occasioned the same." In view of the proof of market value of the horses at Altus, as noted above, the proper measure of damages was such depreciation in their market value at destination at the time of their arrival as was occasioned by appellants' negligence, and there was no error in refusing the special instruction. Texas & P. Ry. v. Barber, supra, and cases there cited.

Appellant, Chicago, Rock Island & Gulf Railway Company requested another instruction, in effect, that in the event of a finding that the cars of that company in which the horses were transported were negligently jerked, yet there could be no recovery by plaintiff against that defendant in the absence of a further finding that the horses were

thereby injured.    Appellant has failed to point out any evidence in the record tending to prove that such negligent handling of the animals did not injure them; while plaintiff's evidence, which was uncontroverted, shows that the horses were thereby injured.    Besides, this issue was fairly presented in the charge which the court gave.

Appellants insist that the verdict is unsupported by the evidence and at all events excessive.    Plaintiff's written claim for damages, made out shortly after their arrival at Altus, for a smaller sum than the amount allowed by the jury is made the basis of this assignment.    The testimony of the witnesses on the stand was ample to support the verdict and, as the jury were the exclusive judges of the weight to be given the evidence, the assignment must be overruled.

We have found no error in the record and the judgment is affirmed.

### ON MOTION FOR REHEARING.

Appellant earnestly insists that we erred on the original hearing in holding that evidence of the purchase price paid by appellee for the horses in controversy near Carlsbad, New Mexico, a few days before they were shipped, was properly excluded.    Exactly the same question was decided by this court adversely to appellant's contention in the cases of Texas & P. Ry. v. Dishman, 41 Texas Civ. App., 250 (91 S. W., 828), and Missouri, K. & T. Ry. v. Garrett, 96 S. W., 53, in each of which cases a writ of error was denied by our Supreme Court, and the decision in the case of Missouri, K. & T. Ry. v. Dilworth, 95 Texas, 332, is to the same effect.

The motion for rehearing is overruled.

*Affirmed.*

Writ of error refused.