McCULLOUGH HARDWARE CO. v. BURDETT.

(Court of Civil Appeals of Texas. Amarillo. Dec. 23, 1911.)

1. FRAUD (§ 53*)—EXCHANGE OF PERSONAL PROPERTY—EVIDENCE.

In an action for fraud inducing an exchange of property for a mule claimed by plaintiff to be worthless, evidence of the price paid by defendant for the mule about two months prior to the exchange was admissible on the question of extrinsic value.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 49; Dec. Dig. § 53.*]

2. TRIAL (§ 244*) — INSTRUCTIONS — REPETITION.

Where the court in its instructions directed the jury's attention to a fact testified to by a witness, it was error to again call the jury's attention to that fact.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

3. TRIAL (§ 194*)—EXCHANGE OF PERSONAL PROPERTY—EVIDENCE—INSTRUCTIONS.

Where, in an action for fraud inducing an exchange of property for a mule claimed by plaintiff to be worthless, a witness testified on direct examination that, according to his best judgment, the mule was one he had traded for about four years before, and that it was worthless when he owned it, and stated on cross-examination that he could not swear positively that it was the same mule, a charge that the evidence of the witness was admitted to show the true condition of the mule, but that the jury would not consider the same as binding on the defendant, was erroneous, as withdrawing the evidence from the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 439–466; Dec. Dig. § 194.*]

Appeal from Scurry County Court; Fritz R. Smith, Judge.

Action by the McCullough Hardware Company against E. H. Burdett. From a judgment for defendant, plaintiff appeals. Reversed and remanded. .

Taylor & Rosser, for appellant. V. M. Tyler and Payne & Perkins, for appellee.

HALL, J. The defendant, Burdett, exchanged a lame mule with plaintiff, McCullough Hardware Company, for a Moon buggy. Plaintiff filed suit in the justice court

of Scurry county for fraud and misrepresentation, and prayed for damages, and, in the alternative, for a rescission of the trade. On appeal to the county court from a judgment for plaintiff, there was judgment for the defendant, and the cause is before us upon four assignments of error.

[1] The first and second assignments complain of the action of the trial court in permitting the defendant Burdett and one D. H. Landess, from whom Burdett had acquired the mule about two months previous to the date of the sale to plaintiff, to testify that, in exchange for the mule, Burdett paid Landess $40 in money and gave him a horse, which Landess afterwards sold for $60. This testimony was admitted upon the issue of the value of the mule in question. One witness testified that the mule had no market value. The general rule is that, where there is no market value for the property, then evidence of its intrinsic value is admissible. The following cases hold that evidence of the price paid for personal property is admissible upon the question of intrinsic value: G., C. & S. F. Ry. Co. v. Anson, 82 S. W. 785; G., C. & S. F. Ry. Co. v. Jackson, 99 Tex. 343, 89 S. W. 968; Tex., etc., Ry. Co. v. Dishman, 41 Tex. Civ. App. 250, 91 S. W. 828. We therefore overrule the first and second assignments.

[2] The third assignment is that the court erred in giving the ninth paragraph of the charge, which is as follows: "You are the exclusive judges as (to) the statements made by the defendant Burdett whether or not the language used was intended and understood and is the affirmation of a fact, or the mere expression of an opinion." This paragraph of the charge was evidently given with reference to statements which it was claimed had been made by Burdett at the time of the trade with plaintiff's representative, to the effect that he had been told by Mr. Landess that the mule had been kicked on the ankle the night before he traded for it. However, the attention of the jury had been directed to said representations in a previous paragraph of the charge and to again call their attention to the testimony of Burdett was giving too much prominence to it and doubtless resulted in prejudicing the plaintiff's rights.

[3] The tenth paragraph of the court's charge is as follows: "The evidence of the witness Charlie Cooper was admitted for the sole purpose of showing the true condition of the soundness of the mule, but you will not consider the same as in any wise binding on the defendant, Burdett." The substance of the witness Cooper's testimony was that he had been out to Jackson's place to see the mule in question, for the purpose of learning whether or not it was a mule which he had traded for about four years prior to

that time; that according to his best judg-ment it was the same mule; that it was crippled when he owned it, and worthless. On cross-examination he stated that he could not swear positively that it was the same mule. This being the state of the evidence, the charge in question is subject to the ob-jection urged against it in appellant's fourth assignment. If the court intended by the charge to withdraw the evidence from the consideration of the jury, it was error. It was admissible, and should have been con-sidered for what it was worth. Cooper's failure to positively identify the mule affect-ed the weight of his testimony only and not its admissibility.

For the error specified, the judgment is reversed, and the cause remanded.