### GALVESTON, H. & S. A. RY. CO. v. PATTERSON. (No. 390.)

(Court of Civil Appeals of Texas. El Paso. Feb. 4, 1915.)

1. CARRIERS ☞219 — CARRIAGE OF LIVE STOCK—CONNECTING CARRIERS.

Where by express contract the initial carrier contracts to deliver at the end of its line and to be bound only on its own line, the connecting carrier is not liable, under Rev. St. 1911, art. 731, for injuries to cattle shipped occurring on the line of the initial carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 950, 951; Dec. Dig. ☞219.]

2. CARRIERS ☞228—LIVE STOCK—CONNECTING CARRIERS—PRESUMPTIONS.

In an action against a connecting carrier, evidence *held* sufficient to rebut the.presumption that the cattle were received by defendant from the initial carrier in good condition.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957-960; Dec. Dig. ☞228.]

3. APPEAL AND ERROR ☞1103—DETERMINATION OF CAUSE—REVERSAL.

Where the verdict is clearly contrary to the evidence, it is the duty of the appellate court to reverse and remand.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938-3943; Dec. Dig. ☞1103.]

4. EVIDENCE ☞474—MARKET VALUE—CATTLE SHIPPED.

To establish the market value at the place of delivery of cattle injured in shipment, it must be shown that like cattle had been bought and sold there in sufficient quantity and often enough to establish a market, and a witness having no knowledge of any sale of such cattle as were injured at the place of delivery within a year prior to shipment is not competent to testify as to market value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196-2219; Dec. Dig. ☞474.]

5. CARRIERS ☞229—EVIDENCE ☞113—MARKET VALUE—CATTLE.

Where the market value at the place of delivery of an animal injured in shipment is not shown, the intrinsic value of the animal is the measure of damages, and may be shown by the price paid therefor, but otherwise if market value is shown.

[Ed. Note.—For other cases, see Carriers Cent. Dig. §§ 930, 963, 964; Dec. Dig. ☞229; Evidence, Cent. Dig. §§ 259-296; Dec. Dig. ☞113.]

6. APPEAL AND ERROR ☞263—EXCEPTIONS-INSTRUCTIONS.

Assignments of error to the giving and refusal of charges cannot be reviewed, in the absence of exception, as required by Acts 1913, c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, §§ 1954, 1970, 1971, 1973, 1974, 1984a, 2061).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516-1523, 1525-1532; Dec. Dig. ☞263.]

Appeal from Terrell County Court; J. B. Ross, Judge.

Action by G. R. Patterson against the Galveston, Harrisburg & San Antonio Railway

Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

W. B. Teagarden, of San Antonio, Boggess & Smith, of Del Rio, and Baker, Botts, Parker & Garwood, of Houston, for appellant. G. J. Henshaw and A. T. Folsom, both of Sanderson, for appellee.

### Findings of Fact.

HIGGINS, J. Patterson brought this suit against the railway company to recover the value of a Hereford bull which it is alleged died from injuries received while being transported by the company. The animal was shipped from Beeville, Tex., over the line of the San Antonio & Aransas Pass Railway Company, to San Antonio, and there delivered to appellant, over whose line it was transported to Sanderson, Tex.

The contract of carriage issued by the initial carrier provided that it would transport the animal to San Antonio, the end of its line on the route over which it was waybilled for further transportation. The contract contained this further provision:

"It is further stipulated and agreed between the parties hereto that, as the live stock mentioned herein is to be transported over the road or roads of other railway companies and in other cars than those of this company, and as the party of the first part is only to transport said stock to the aforesaid station named as the end of its line on the route over which said stock is to be shipped, the party of the first part is only to be bound for the transportation of said stock to said station; it being understood and agreed by both parties hereto that the only purpose of making this contract is that the party of the first part shall transport said stock to said station, and protect the through rate of freight named herein for the benefit of the party of the second part, and the party of the first part shall in no manner be responsible for any loss or injuries occurring to said stock after the same has left the line of the San Antonio & Aransas Pass Railway Company, nor be responsible for the carriage beyond."

The evidence shows the animal was one of a car load of 30, and several of the number were in an injured condition when delivered to appellant at San Antonio. The testimony of the conductors handling the shipment from San Antonio to Sanderson shows a rapid run, without any switching, rough handling, or anything done to injure the animals. It is shown that at different points one of the bulls was down, and at Langtry the bull in question was down and being trampled by the others. He was then transferred to another car. At Del Rio, a division point between San Antonio and Langtry, the conductor noticed the bull down and objected to taking the shipment out with him in that condition, but was ordered to proceed.

### Conclusions of Law.

[1] The contract of carriage was not for through transportation. It does not fall within the provisions of article 731, R. S., and the connecting carrier was not liable for injuries to the animal occurring upon the line of the initial carrier. Railway Co. v. Jones, 104 Tex. 92, 134 S. W. 328.

[2] The evidence discloses a proper handling and transportation while in appellant's possession, and plainly rebuts the presumption of negligence which ordinarily prevails against the delivering carrier when the shipment is shown to have been delivered to the initial carrier in good condition and reaches the end of its journey in a damaged state.

[3] It is manifest that the verdict in this case is wrong and clearly contrary to the evidence. In such case it is our duty to reverse and remand. Railway Co. v. Schmidt, 61 Tex. 282; Zapp v. Michaelis, 58 Tex. 275; Short v. Kelly, 62 S. W. 944; Kohlberg v. Awbrey & Semple, 167 S. W. 829. The assignment raising this question is sustained.

[4] Error is assigned to the admission of the testimony of Patterson as to the market value of the animal at Sanderson at the time of death. Objection was made that he had failed to show a market value at Sanderson for Hereford bulls, such as this. Upon his direct examination, he testified he was familiar with the market price at Sanderson of such bulls at the time in question, but his cross-examination disclosed he had no knowledge whatever of any sales of such animals having been made at Sanderson within a year prior to the arrival of his shipment. Nor is this fact established by other evidence. In order to establish a market value at the place of delivery, it was necessary to show that like cattle had been bought and sold there in sufficient quantity and often enough to establish a market value. The evidence does not measure up to this standard. Railway Co. v. Jackson, 99 Tex. 343, 89 S. W. 968; Railway Co. v. Crowder, 152 S. W. 184; Railway Co. v. Mulkey, 159 S. W. 113. The assignment indicated is sustained, as well as those which assert that the verdict in this respect is without competent evidence to support it.

[5] Error is assigned to the exclusion of testimony offered to show the price paid by plaintiff for the animal. For the guidance of the court respecting this question upon retrial, it may be said that, if a market value for such animals at Sanderson at the time of its death be shown, that, of course, would be the proper measure of damage, and such evidence would not be admissible. Railway Co. v. Dilworth, 95 Tex. 327, 67 S. W. 88. On the other hand, in the absence of such market value, its intrinsic value would be the proper measure, and in such case evidence of the price paid therefor would be admissible as a circumstance to be considered in determining such value. Railway Co. v. Garrett, 96 S. W. 53; Railway Co. v. Dishman, 41 Tex. Civ. App. 250, 91 S. W. 828; Railway Co. v. Crowder, supra; McCullough v. Burdett, 142 S. W. 612.

The answer of the witness Staton to subdivision D of cross-interrogatory No. 3 was

improperly admitted. Railway Co. v. Bigham, 138 S. W. 432; Railway Co. v. Roberts, 101 Tex. 418, 108 S. W. 808.

[6] Various assignments complain of the giving and refusal of charges. No exceptions in regard thereto were taken, as required by Acts 1913, c. 59, p. 113 (Vernon's Sayles' Ann. Civ. St. 1914, §§ 1954, 1970, 1971, 1973, 1974, 1984a, 2061). For this reason they are overruled.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

