**GULF, C. & S. F. RY. CO. v. METCALF et al.**

**No. 2999.**

Court of Civil Appeals of Texas. Beaumont.

Jan. 1, 1937.

Rehearing Denied Jan. 13, 1937.

Sanders & McLeroy, of Center, Stinchcomb, Kenley & Sharp, of Longview, and Terry, Cavin & Mills, of Galveston, for appellant.

W. W. Lane and E. B. Lewis, both of Center, for appellees.

WALKER, Chief Justice.

This was an action in the district court of Shelby county by J. W. and J. B. Metcalf, appellees, against appellant, Gulf, Colorado & Santa Fé Railway Company, for damages to a shipment of horses and mules originating in Alice, Tex., and delivered to appellees by appellant in Center, Tex. Appellees sued for damages in the sum of $1,400, and on the verdict of the jury judgment was rendered in their favor for $373.

■ The following points are presented by appellant in its brief:

First, that the court erred in receiving the following testimony: By appellee, J. W. Metcalf:

"Q. Now, at that time, I will ask you to tell the jury whether or not part of your animals were injured, or all of them? A. They were all injured.

"Q. Did you so inform Mr. Maylor? A. Yes, sir.

"Mr. Cox: Now, just a second. I don't think that is material, in the first place, and the second place, it is self-serving—whatever this man said—it would be an attempt to bolster his testimony, now, and we move that the question and answer be stricken.

"The Court: The objection is overruled."

Quoting from appellant's brief:

"The particular portion of plaintiff's testimony complained of, is what plaintiff had told someone—that the stock were all injured—and is as follows:

"Q. (By Mr. Lane, Counsel for the plaintiff). Did you so inform Mr. Naylor? A. (By the plaintiff). Yes, sir."

The contract of shipment contained the following stipulation: "As a condition precedent to recover, claims must be filed in writing with the receiving or delivering carrier, or carrier delivering this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property, or in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed".

The Metcalf testimony was excepted to upon the ground that it was self-serving. The exception was without merit. Appellees did not give appellant written notice of their claim; this testimony was admissible to show that the written notice was waived. Missouri, K. & T. Ry. Co. v. Hood, 55 Tex.Civ.App. 636, 120 S.W. 236; St. Louis, S. F. & T. Ry. Co. v. Wall (Tex.Civ.App.) 165 S.W. 527; St. Louis Southwestern Ry. Co. v. Seale & Jones (Tex.Civ.App.) 247 S.W. 883.

■ Second, that the court erred in refusing to permit appellant to cross-examine appellees as to the cost of the horses and mules at Alice, the point of origin of the shipment. The evidence clearly raised the issue that the horses and mules had a market value at Center, the point of delivery. On this statement, evidence of the cost of the horses and mules at Alice was not admissible. Texas & P. Ry. Co. v. Dishman, 41 Tex.Civ.App. 250, 91 S.W. 828; Missouri, K. & T. Ry. Co. v. Garrett

(Tex.Civ.App.) 96 S.W. 53; Chicago, R. I. & P. Ry. Co. v. Rogers, 61 Tex.Civ.App. 603, 129 S.W. 1155.

■ Third, that the court committed reversible error in addressing to counsel for appellant during the trial of the case the remarks shown by the following statement, to wit:

"Q. Mr. Deavers, in making your record, as you did, on that day, does it show only the incidents of unusual happenings, or did your, from minute to minute, as you rode along in your caboose, sit with your pencil in your hand, and write, 'nothing happened,' 'nothing happened,' 'nothing happened'?

"Mr. Lewis: If your Honor please, we object to that for all apparent reasons, and for the further reason that the record, itself, is the best evidence.

"The Court: The objection is sustained. He has testified that he kept' a truthful record.

"Mr. Kenley: Well, now, your Honor, might I not find out his method of keeping his record?

"The Court: He said he kept it truthfully.

"Mr. Kenley: But the truth can be shown by different methods. May I not find his method?

"The Court: Well, could he add anything to that statement?

"Mr. Kenley: He said he kept the record.

"The Court: And said he kept it correctly and truthfully.

"Mr. Kenley: Yes, but I think we are entitled to find, if there is a dozen different methods he could keep the record—the same record—of finding which one he used, or by what method he kept his record.

"The Court: Read the question, Mr. Reporter—no, you needn't read it. The objection is sustained. Now, if you want to ask a question, Mr. Kenley, go ahead. We are not trying to run a burlesque up here.

"Mr. Kenley: I am not trying to run one either.

"The Court: Get away from that.

"Mr. Cox: Just a minute. We want an exception to that remark·of the Court.

"The Court: Yes, you may have an exception, and that question will be a part of it.

"Q. Do you have your record with you, Mr. Deaver? A. No sir.

"Q. Does your record that you did keep, disclose any unusual or rough handling of that train, that day?

"Mr. Lewis: Now, if the Court please, we still object to that, and the Court has ruled on that question, as we view it, if the Court please. ·

"The Court: Mr. Sheriff, retire the jury for a minute.

"Mr. Kenley: I will withdraw that question, and ask another one, if your Honor would like."

The exception is particularly directed to the court's statement, "We are not trying to run a burlesque up here." The court approved appellant's bill of exception with the following qualification:

"The foregoing bill of exception No. 1, having been reduced to writing by counsel for defendant, and having been presented to the undersigned judge of said court for allowance and signature within the days of trial, and before conclusion of said trial, and within the time required by law, is hereby allowed, approved and ordered filed by' the clerk of this court as a part of the record in such cause, with the qualification that while Mr. T. H. Lee, who immediately preceded Mr. Deavers as a witness for the defendant, was on the stand and had been taken by Mr. R. O. Kenley, Jr., on· redirect examination, the questions quoted being propounded by ·Mr. Kenley, and the answers quoted, given by Mr. Lee, the following had occurred:

" 'Q. Now this question of being poor in flesh or fat with flesh. You can see normally, can't you Mr. Lee? A. I should think so—yes, sir. ＼

" 'Q. Now you looked at those horses that day, and from looking, you judged whether they were poor, or fat, in flesh? A. Yes, sir.

" 'Q. Well, are you able, just to test your judgment of poor and fat in flesh— just for example, now, take Judge Lewis, over there, and Mr. Lane, or Judge McLeroy, here—which of those would be more like the horses that you saw that day.'

"Here Mr. Lane, attorney for plaintiff, objected, and at the same time, the witness answered:

" 'A. This gentleman right over here.'

"At this point, the witness indicated, by pointing at some one of the attorneys in

the case mentioned in the question, and there was considerable laughter among persons in the court room, and the trial judge remarked: 'All right, gentlemen, let's get on with the trial.'

"The court regarded the conduct of Mr. Kenley in propounding the question last quoted in this qualification as highly improper, and that in propounding the question quoted in the bill of exceptions, concluding with the words, 'nothing happened,' 'nothing happened,' 'nothing happened,' as not less improper, and believed that counsel should have had such admonition as would cause him to refrain from such impropriety, and hence the remark of the court to which the exception was taken, and which was followed, in the absence of the jury, by the motion to declare a mistrial, which was refused. This 22nd day of October, A. D. 1935.

"T. O. Davis, Judge Presiding."

We recognize that "during the trial the judge should refrain from making any unnecessary comments which might tend to a result prejudicial to a litigant, and when calculated to influence the minds of the jury, such remarks constitute ground for reversal." 38 Cyc. 1316. Quoting again from the same authority, pages 1321, 1322:

"Remarks of the trial judge showing bias in favor of one of the parties constitutes prejudicial error. So it is ordinarily held to be reversible error for him to make remarks which will tend to excite prejudice or hostility in the minds of the jury toward one of the parties and sympathy for the other, and it has been held in a number of cases that the error is not cured by directing the jury to disregard the remarks," citing many authorities.

" * * * An attorney at law, as an officer of the court, is entitled to such treatment from the trial court that the interest of his client will not be prejudiced."

A large discretion is vested in the judge in the conduct of trials before him; this discretion will be reviewed only upon an affirmative showing of abuse. Under the court's qualifications to appellant's bill of exception we cannot say that the remark excepted to constituted error. In view of the whole record, the amount sued for, the testimony of appellees as to the extent of their damages, etc., it clearly appears that the court's remark did not prejudice appellant in the minds of the jury. Their verdict in the sum of $373 was most conservative.

For the reasons stated, the judgment of the lower court is in all things affirmed.