Ercy CUBINE et al., Appellants,

v.

Kate W. MORGAN, Appellee.

No. 6576.

Court of Civil Appeals of Texas.
Amarillo.

Feb. 27, 1956.

Rehearing Denied March 26, 1956.

Russell & Glover, Amarillo, for appellants.

Sturgeon & Thompson, Pampa, for appellee.

NORTHCUTT, Justice.

This is an action between Kate W. Morgan, niece of John E. Cubine, deceased, and Ercy Cubine, son of John E. Cubine, and John Claybourne Cubine, grandson of John E. Cubine. During the lifetime of John E. Cubine he, as insured, purchased two life insurance policies designating Kate W. Morgan as beneficiary in each policy. After the death of John E. Cubine, Kate W. Morgan filed, with the insurance company, proof of the death of John E. Cubine and presented her claim for such insurance. Ercy Cubine was appointed administrator of the estate of John E. Cubine, deceased, and asserted claim to the insurance company for the proceeds of the above-mentioned insurance policies. By written agreement, the funds due from said policies were paid by the said insurance company to the Citizens Bank and Trust Company of Pampa, Texas and, by said bank, were to be retained until the rightful ownership of said funds could be established. The bank will not be considered further herein. For the purpose of having determined the ownership of said funds, Kate W. Morgan brought suit against Ercy Cubine, individually and as administrator of the estate of John E. Cubine, deceased, and Citizens Bank and Trust Company as defendants. After this suit was filed, Ercy Cubine, individually and as administrator of the estate of John E. Cubine, deceased, and John Claybourne Cubine, intervenor, filed their amended original answer and cross-action seeking to set aside certain deeds executed by John E. Cubine as grantor, during his lifetime, to Kate W. Morgan as grantee, and which deeds were filed and recorded during the lifetime of John E. Cubine conveying the real estate involved in this suit, and seeking to recover said property. Appellants, by their cross-action, also sought to recover the value of certain U. S. Savings Bonds, the proceeds from the insurance policies and other personal property. Appellants sought to recover all of the property transferred to Kate W. Morgan by John E. Cubine upon the contention that such transfers were caused to be made by the undue influence and domination of John E. Cubine by the said Kate W. Morgan.

The case was tried to a jury upon special issues. The first issue submitted to the jury and the answer thereto was as follows:

"Special Issue No. 1:

"Do you find from a preponderance of the evidence that the plaintiff, Kate W. Morgan, exercised undue influence, as that term is herein defined, over J. E. Cubine at any time during the period she lived in the deceased, J. E. Cubine's, home in Gray County, Texas prior to the time of his death?

"Answer 'yes' or 'no'. Answer: No"

The jury was then told that if they answered the above question "yes" and only in that event then to answer the remaining special issues. No objections were taken to the court's charge and neither were there any special issues requested by either of the parties. Upon the verdict of the jury that Kate W. Morgan did not exercise undue influence over John E. Cubine, the trial court granted judgment for Kate W. Morgan vesting her with title to the property in issue and decreeing that appellants pay all costs of suit. Appellants made and presented their motion for a new trial which was overruled by the court and appellants perfected this appeal.

By appellant's second point of error, they complain of the action of the trial court in permitting appellee to propound

questions to appellant, Ercy Cubine, which were argumentative and inflammatory in nature and were calculated to place before the jury matters which were irrelevant to the disposition of the case and took away from the court the orderly conduct of the trial. We are of the opinion that this point was properly disposed of in the case of Finto v. Texas & N. O. R. Co., Tex.Civ. App., 265 S.W.2d 606, 607 where it is stated:

"The statement of the ground is couched in general terms and is not of the specific nature required by Rules 321 and 322 of the Texas Rules of Civil Procedure. If a ground for new trial of this nature should be considered, it would do away with the requirements of the rules mentioned, and in effect authorize a practice once in vogue in this State but now expressly changed by court decision and the Rules of Civil Procedure. See Phillips Petroleum Co. v. Booles, Tex.Com. App., 276 S.W. 667; Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270; 14 Texas Law Review 369."

Appellant's second point of error is overruled.

■ By appellant's third point of error, they contend the trial court erred in admitting in evidence a letter written by Dr. Overton addressed to the attorneys of appellant's, which letter concerned the physical condition of John E. Cubine because said letter was incompetent and constituted hearsay and was self-serving declaration of the declarant. Should it be considered erroneous to have admitted such letter, it would be harmless because Dr. Overton testified to the same things as expressed in the letter. Appellant's third point of error is overruled.

■ As to appellant's point four wherein they assign as error the admission of certain testimony of Reverend Kerr, the trial court sustained appellant's objections to that testimony and although the court later stated that he would admit the evidence it was not reoffered. Appellant's fourth assignment of error is overruled.

■ By appellant's point five, they complain of the court's action in not enforcing the attendance of Clifford Allison as a witness in the case. The parties agree that before questions and selection of the jury, the trial court let the parties know that the witness Allison would not be present and at that time the court asked if appellants wanted an attachment issued for said witness and appellants informed the court that they did not want an attachment issued. All parties proceeded to trial and no request for a continuance was made and no request for an attachment was ever made. Appellant's fifth point of error is overruled.

■ Concerning appellant's sixth assignment of error complaining of the trial court's definition of undue influence when the appellants did not object at all to any portion of the charge, appellants waived any objections that they might have had if the definition had been erroneous. Rule 272, Texas Rules of Civil Procedure; Whatley v. McKanna, Tex.Civ.App., 207 S.W.2d 645, writ refused, N.R.E. Appellant's sixth assignment of error is overruled.

■ By appellant's seventh assignment of error, they contend the trial court erred in permitting Mrs. Erwin to testify she heard "Grandma Cubine" request Miss Morgan to stay with John E. Cubine and take care of him. The appellants objected to this testimony but appellee had testified to the same thing and no objections were made to Miss Morgan's testifying to the same fact of the conversation as made by "Grandma Cubine." In the case of Henderson v. Jimmerson, Tex.Civ.App., 234 S.W.2d 710, at page 719, writ refused, N.R.E., it is stated:

"The rule is well established that error in admitting testimony is harmless if other evidence of the same facts are admitted and without complaint."

540

Appellant's seventh assignment of error is overruled.

 By appellant's first point of error they complain that the court erred in failing to enter judgment for them because the undisputed evidence showed that John E. Cubine while in poor health and when well-advanced in years transferred to his confidant all his properties and that said transfers were without independent counsel, without consideration and were unnatural in that they were to the exclusion of John E. Cubine's children and grandchildren. The appellants did not at any time make a motion for an instructed verdict and, consequently, it cannot be said that the trial court erred in failing to instruct a verdict in their behalf. Reeves v. Houston Oil Co. of Texas, Tex.Civ.App., 230 S.W.2d 255. Neither do we know of any rule of law that requires anyone to have the advice of an independent counsel to tell or advise them as to disposing of their property and the same is true as to the age of the party. This case was tried solely on the theory that the transfers were made by Mr. Cubine to Miss Morgan because of the influence and domination that Miss Morgan had over Mr. Cubine. The jury found upon an abundance of evidence that it was not because of the influence of Miss Morgan that these transfers were made and neither was there any contention made other than the influence of Miss Morgan that Mr. Cubine was not capable of transferring his property as he saw fit to do and as she did. The record shows that Miss Morgan was the only one that stayed with, cared for and looked after Mr. Cubine ever since she was a young lady. All of these transfers of property were made over a period of years and no attempt was made during the lifetime of Mr. Cubine to stop him from dissipating his estate if he were not in a position mentally to handle his property as he saw fit. We think the fact that Mr. Cubine made these transfers along to Miss Morgan at different times was to show her that he appreciated her help and assistance in looking after him and that he meant to continue this from time to time as he did do as an assurance to himself that he would have someone to care for him along in his later life.

Miss Morgan was shown to have cared for Mr. Cubine's aged mother until her death. It is undisputed that Miss Morgan was the only one to stay with and care for Mr. Cubine through the darkness of the nights when he was unable to help himself and certainly could be of no help to others only from a financial way. If Miss Morgan did influence Mr. Cubine to make these transfers to her, we are of the opinion, under this record, that it was because of the care and kindness she showed to him when all others had gone their separate ways and had left Mr. Cubine in his declining years. To have done other than what Mr. Cubine did would have been very ungrateful. Appellant's first point of error is overruled.

Judgment of the trial court affirmed.