Walter L. HARGROVE, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 6902.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 21, 1959.

Rehearing Denied Jan. 18, 1960.

Huff, Splawn & Bowers, Lubbock, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, Aldridge & Aldridge, Farwell, for appellee.

CHAPMAN, Justice.

This is a Workmen's Compensation case appealed by Walter L. Hargrove, the employee of Nickels Ginning Company from an adverse judgment in a suit against Texas Employers' Insurance Association, the insurance carrier for said ginning company, and is before us upon only a transcript, without a statement of facts. The case was tried upon issues as to injury to appellant's left hand and left arm resulting from an accidental injury suffered while attempting to grease a part of the gin press. Claimant had suffered the loss of the distal phalange of his left little finger in the accident and had been paid five weeks of compensation at $35 per week, the maximum provided by law. The jury found incapacity to appellant's left hand but found it was confined to the loss of the distal phalange of his finger. The case is before us upon 3 points, the first of which asserts an abuse of discretion on the part of the trial judge for "refusing appellant's attorney proper and sufficient time to object and except to the court's charge before it was read to the jury."

The only verified record of which appellant now complains is the order overruling his motion for new trial, in which the trial court made the following findings:

"The court proceeded to consider plaintiff's motion for new trial, and in particular paragraph I thereof, and finds that plaintiff did not make or file timely objections to the charge given by the court to the jury, as follows: that the trial commenced Tuesday, September 29, 1958, and at the conclusion of the evidence early in the afternoon of the 1st day of October, 1958, the Court presented to both counsel in open court the original charge

prepared by the court; the attorneys for both parties were afforded opportunity to make and did make objections to such original charge, which objections the court sustained in part and then and there notified all counsel that copies of the revised charge of the court would be available at the office of the District Clerk at approximately 7:30 P.M. of the same evening, and that counsel should make and file their written objections thereto prior to the time the court convened at 9:00 A.M. the following morning; that copies of the revised charge were so prepared and made available to all counsel at the office of the District Clerk by 7:30 P.M. of the same evening; that attorneys for defendant so obtained their copy of the revised charge and so filed its written objections thereto and obtained the rulings of the court thereon prior to the time the court convened on the following morning of October 2, 1959, but that attorneys for plaintiff did not; that attorneys for plaintiff did not make known their request to object to the revised charge of the court until after court had convened at the appointed hour on the morning of October 2, 1958, and the court had begun to read the revised charge to the jury; that under these circumstances the court exercised its discretion to deny plaintiff's request to then make objections to the revised charge of the court; after ample time had been allowed therefor without plaintiff's attorneys having availed themselves of it."

■ Though the case was reversed on other grounds, our court has held:

"The time allowed attorneys to examine the court's charge and prepare exceptions and objections thereto is discretionary with the trial judge, who should fix a reasonable time under all the circumstances. Unless a trial judge abuses his discretion in such

matters his judgment should not be disturbed for that reason alone." Federal Underwriters Exchange v. Tubbe, 180 S.W.2d 473, 477.

■ We believe this quote constitutes a proper statement of the law. It is supported by the pronouncement of Burton v. Williams, Tex.Civ.App., 195 S.W.2d 245. A large discretion is vested in a trial judge in the conduct of trials before him and such discretion will be reviewed only upon an affirmative showing of abuse. Gulf, C. & S. F. Ry. Co. v. Metcalf, Tex.Civ.App., 100 S.W.2d 389. No such showing is made by the record here.

In its Point 2 appellant asserts error in the instruction of the court wherein the jury was advised of appellant's loss of the distal phalange of his little finger on his left hand and that he had been paid for such loss. However, the same paragraph of the charge also instructed the jury as follows: "There remains in dispute between the parties, however, other issues which are hereinafter submitted to you in the charge." In his Point 3 appellant challenges the definition of the terms "Total loss of the use of his hand" and "Total loss of use of his arm."

■ It is unnecessary for us to decide whether such charges constitute a comment upon the weight of the evidence or advised the jury the results of their answers because the record shows no timely objections to either of the charges complained about nor the tender of requested instructions and definitions as required by Rule 273, Vernon's Ann.Texas Rules of Civil Procedure. All objections not so made or presented shall be considered as waived. Rules 272 and 274 V.A.T.R.; Larson v. Ellison, 147 Tex. 465, 217 S.W.2d 420; Stroud v. Bridges, Tex.Civ.App., 275 S.W. 2d 503; Benritto v. Fransen, Tex.Civ.App., 274 S.W.2d 758; Moore v. Long, Tex.Civ. App., 234 S.W.2d 936; Minugh v. Royal Crown Bottling Co., Tex.Civ.App., 267 S. W.2d 861 (writ refused); Cubine v. Morgan, Tex.Civ.App., 288 S.W.2d 537.

Additionally, no showing whatever is made in the record that any charge given was reasonably calculated to cause and probably did cause the rendition of an improper judgment, as required under Rule 434, V.A.T.R.

There being no error apparent in the record before us the judgment of the trial court is affirmed.