# IN THE SUPREME COURT OF TEXAS

════════════
No. 13-0103
════════════

KING FISHER MARINE SERVICE, L.P., PETITIONER,

v.

JOSE H. TAMEZ, RESPONDENT

═══════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS
═══════════════════════════════════════════════

JUSTICE GUZMAN, joined by CHIEF JUSTICE HECHT, JUSTICE GREEN, and JUSTICE DEVINE, dissenting.

For almost 100 years, our rules have expressly allowed a party to lodge objections to the charge before the trial court reads the charge to the jury. Unsurprisingly, we previously observed that Texas Rule of Civil Procedure 272 "requires a party to object to the charge . . . before the court reads the charge to the jury."[1] Equally unsurprising is the fact that before this case, no party had asked this Court if Rule 272 means what it says or if we stand by our prior observation. Yet today, the Court reverses course and discards the Rule's brightline approach in favor of a system riddled with uncertainty and potential for abuse. In addition to conflicting with the plain language of the Rule and our prior interpretation, the Court's interpretation is at odds with our principle of liberally interpreting rules of procedure in order to resolve cases on the merits instead of relying on procedural technicalities.

----

[1] *In re J.F.C.*, 96 S.W.3d 256, 305 (Tex. 2002).

The petitioner here complied with the Rule and our prior interpretation of it by objecting shortly before the trial court read the charge—only to have the trial court reject the objection as untimely. In affirming this ruling, the Court today elevates adjudication on procedural technicalities above adjudication on the merits, despite both our longstanding preference to the contrary and the plain language of the Rule. I respectfully dissent.

## I. Background

Jose Tamez sued his employer King Fisher Marine Service after he was injured on board a company vessel. Tamez alleged he was injured while following a "specific order," a maritime doctrine absolving a sailor of his contributory negligence. __ S.W.3d __, __. At trial, King Fisher objected to the court's charge, which failed to define what constitutes a specific order, and tendered a proposed definition. The trial court refused King Fisher's tender, "mainly because it's not timely" and reprovingly noted "we needed to have all this stuff done and in by yesterday." Counsel for King Fisher countered: "I would respectfully disagree as to the timing. All I have to do is get it in before the charge is read, under the rules . . . ." The court replied, "that may be the rules, but my ruling to you was, everything needed to be in beforehand, and yesterday was the charge conference, and therefore, it needed to be done before the charge conference, not, you know, two minutes before I'm bringing in the jury." This colloquy provides the context for the important interpretation issue we address today. Namely, may a trial court elevate docket management above the express language of Rule 272 by denying an objection to the jury charge solely because the attorney raised the objection after the charge conference but before the court read the charge to the jury?

2

## II. Discussion

The Court correctly holds that King Fisher preserved error for appeal and there is some evidence that Tamez followed specific orders. The Court's interpretation of Rule of Civil Procedure 272, however, is at odds with our longstanding principle of liberally interpreting the rules of procedure, the plain language of Rule 272, our prior interpretation of the Rule, the dominant interpretation in the courts of appeals, the history of the Rule, and the application of similar rules in other jurisdictions. Accordingly, I join Parts I, II.A–B, and III of the Court's opinion, but respectfully dissent from its interpretation of Rule 272 and the judgment.

### A. Standard of Review

We review a trial court's decision to refuse instructions for abuse of discretion. An abuse of discretion is a decision that is arbitrary, unreasonable, or made without reference to guiding legal rules. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000). A trial court has no discretion in determining what the law is or applying the law to the facts. *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex. 1996). Had the trial court considered the merits of King Fisher's proposed instruction and refused it, that ruling would be cloaked with at least a patina of discretion, and we would only set it aside if it was arbitrary or made without reference to guiding rules. *Honeycutt*, 24 S.W.3d at 360. But here, the trial court determined the objection was untimely, which subjects its interpretation of Rule 272 to de novo review.

As an initial matter, I note we have long favored liberal interpretation of the rules to ensure substantive adjudication. Our systems of justice have a "deep-rooted historic tradition that everyone

should have his own day in court."[2]  Texas Rule of Civil Procedure 1 embodies this principle by emphasizing that "[t]he proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." TEX. R. CIV. P. 1.  Toward that end, "these rules shall be given a liberal construction" to balance the need for equitable adjudication against the desire for expedience.[3]  *Id.*  We have continually adhered to this principle.[4]  And we have applied it to liberally interpret a number of rules of civil and appellate procedure.[5]  In conducting our de novo review, we once again adhere to this principle by protecting the rights of litigants to have their disputes adjudicated on the merits.

## B. Rule 272

The plain language of Rule 272 allows parties to object to the jury charge before the court reads the charge to the jury.  The Rule provides:

---

[2] *Martin v. Wilks*, 490 U.S. 755, 762 (1989).

[3] *Cf. Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 688 (Tex. 2008) ("[W]e have long interpreted the Rules of Appellate Procedure liberally in favor of preserving appellate rights.").

[4] *See, e.g.*, *In re R.D.*, 304 S.W.3d 368, 370 (Tex. 2010) ("Where practical, the rules of civil procedure are to be given a liberal construction in order to obtain a just, fair, equitable, and impartial adjudication of the rights of litigants under established principles of substantive law."); *El Paso Cent. Appraisal Dist. v. Montrose Partners*, 754 S.W.2d 797, 799 (Tex. 1988) ("Rules of Civil Procedure are to be given liberal construction.").

[5] *See, e.g.*, *Woods Exploration & Prod. Co., Inc. v. Arkla Equip. Co.*, 528 S.W.2d 568, 570 (liberally interpreting Rule 430); *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633 (Tex. 1974) (liberally interpreting Rule 330(b)); *Gotham Ins. Co. v. Warren E & P, Inc.*, __ S.W.3d __, __ (Tex. 2013) (liberally interpreting the right to cross-appeal under Rule of Appellate Procedure 25.1); *City of Austin v. Whittington*, 384 S.W.3d 766, 789 (Tex. 2012) (same); *see also Higgins*, 257 S.W.3d at 688 (relying on a liberal interpretation of the Rules of Appellate procedure to hold a procedurally incomplete affidavit adequate to fulfill the fundamental purpose of Rule 20.1); *Rep. Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (liberally interpreting Rule of Appellate Procedure 38.1(h) to preserve an appellant's right to appeal despite a procedural error); *Kunstoplast of Am., Inc. v. Formosa Plastics Corp.*, 937 S.W.2d 455, 456 (Tex. 1996) (liberally interpreting Rule of Appellate Procedure 40(a)(1) to preserve an appellant's right to appeal).

4

> The charge shall be in writing, signed by the court, and filed with the clerk, and shall be a part of the record of the cause. It shall be submitted to the respective parties or their attorneys for their inspection, and a reasonable time given them in which to examine and present objections thereto outside the presence of the jury, *which objections shall in every instance be presented to the court* in writing, or be dictated to the court reporter in the presence of the court and opposing counsel, *before the charge is read to the jury. All objections not so presented shall be considered as waived.* . . .

TEX. R. CIV. P. 272 (emphases added).

Rule 272 plainly imposes two constraints. The first is that parties must object before the court reads the charge to the jury. *Id.* The second is that trial courts must allow parties a reasonable amount of time to object (*i.e.*, the trial court must not give the parties the charge for the first time as the jury is entering). *Id.* On the only previous occasion this Court interpreted Rule 272, the Court rightly observed that it "requires a party to object to the charge . . . before the court reads the charge to the jury." *In re J.F.C.*, 96 S.W.3d 256, 305 (Tex. 2002). This observation merely reaffirms the plain meaning of the Rule.

Today, however, the Court interprets Rule 272 as imposing a reasonableness test, with the before-the-charge requirement setting an "outside limit" on when the trial court may set the charge conference and when objections must be raised. The Court's interpretation inverts these two constraints by imposing the reasonable-time requirement on the *party* (it must object within a reasonable time) and the before-the-charge requirement on the *court* (it must schedule the charge conference at a time sufficiently before the court reads the charge). This interpretation not only distorts the plain language of Rule 272, it conflicts with our interpretation in *J.F.C.*

5

Moreover, the Court's interpretation today is in tension with lower court interpretations. Our appellate courts have largely articulated the correct interpretation of Rule 272, typically relying on our guidance in *State Department of Highways and Public Transportation v. Payne*. In that case, we held "[t]here should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." 838 S.W.2d 235, 241 (Tex. 1992). Under *Payne*, an objection lodged after the charge conference—but before the court reads the charge—still allows the trial court to correct its potential error. Citing *Payne*, a number of our courts of appeals have correctly articulated that under Rule 272, a party waives its complaint by failing to object before the court reads the charge to the jury.[6] Under the Court's interpretation today, these cases would have stated that a party waives

---

[6] *See, e.g.*, *Willie v. Comm'n for Lawyer Discipline*, No. 01-11-00433-CV, 2014 WL 586226, at *3 (Tex. App.—Houston [1st Dist.] Feb. 13, 2014, no pet.) ("In order to preserve a complaint regarding the court's charge, a party must specifically object to the charge before it is read to the jury (either orally or in writing) and obtain a ruling on the objection." (citing *Payne*, 838 S.W.2d at 241)); *Bobbora v. Unitrin Ins. Serv.*, 255 S.W.3d 331, 337 (Tex. App.—Dallas 2008, no pet.) ("If the party does not present the objection to the court before the court reads the charge to the jury, he waives his objection."); *In re N.A.L. & N.R.L.*, No. 04-13-00159-CV, 2013 WL 4500633, at *2 (Tex. App.—San Antonio Aug. 21, 2013, no pet.) ("In deciding if a party has preserved error in the jury charge, we determine 'whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling.'" (quoting *Payne*, 838 S.W.2d at 241)); *In re Estate of May*, No. 09-10-00024-CV, 2011 WL 497068, at *1 (Tex. App.—Beaumont Feb. 10, 2011, pet. denied) ("Rule 272 of the Texas Rules of Civil Procedure requires that a party object to the court's charge, either orally or in writing, before the charge is read to the jury." (citing *Payne*, 838 S.W.2d at 241)).

its complaint by failing to object *during the charge conference*.[7] The secondary literature tends to reflect the predominant court of appeals interpretation as well.[8]

The Court's interpretation is also in tension with the history of the Rule. Rule 272 has always required courts to give parties a "reasonable time" to examine the proposed charge and object. TEX. R. CIV. P. 272; VERNON'S ANN. REV. CIV. ST. art. 2185. Initially, the Rule required trial courts to prepare the charge after the conclusion of the evidence.[9] VERNON'S ANN. REV. CIV.

---

[7] The Court indicates that several courts of appeals have not "balked at the trial court's authority to impose" charge-objection deadlines. __ S.W.3d at __ (citing *Bekins Moving & Storage Co. v. Williams*, 947 S.W.2d 568, 575–76 (Tex. App.—Texarkana 1997, no writ); *Deaton v. United Mobile Networks, L.P.*, 926 S.W.2d 756, 765 (Tex. App.—Texarkana 1996), *aff'd in part, rev'd in part on other grounds*, 939 S.W.2d 146 (Tex. 1997); *Austin State Hosp. v. Kitchen*, 903 S.W.2d 83, 93 (Tex. App.—Austin 1995, no writ); *Hargrove v. Tex. Emp'rs Ins. Ass'n*, 332 S.W.2d 121, 122–23 (Tex. App.—Amarillo 1959, no writ); *Fed. Underwriters Exch. v. Tubbe*, 180 S.W.2d 473, 477 (Tex. App.—Amarillo 1944), *rev'd on other grounds*, 183 S.W.2d 121 (Tex. 1944). But none of these cases involved a situation in which the trial court solely rejected as untimely an objection submitted before the trial court read the charge to the jury, thereby truncating the time afforded parties to lodge objections. *See Bekins*, 947 S.W.2d at 575–76; *Kitchen*, 903 S.W.2d at 93; *Deaton*, 926 S.W.2d at 765; *Hargrove*, 332 S.W.2d at 123; *Tubbe*, 180 S.W.2d at 477. Moreover, the *Kitchen* court interpreted the statute in a manner that undercuts the Court's holding. In *Kitchen*, the trial court refused an objection submitted before it read the charge both because it deemed the objection untimely *and* unavailing on substantive grounds. 903 S.W.2d at 93. Citing this Court's precedent, the court of appeals concluded that a party preserves error by raising an objection in time for the trial court to correct its error. *Id*. The *Kitchen* court proceeded to assess the merits of the objection, reversed, and remanded for a retrial because the objection was proper and should have been sustained. *Id*. at 93–94. Had the *Kitchen* court interpreted Rule 272 as the Court does today, it would simply have held the instruction was untimely.

[8] *See, e.g.*, William G. "Bud" Arnot, III & David Fowler Johnson, *Current Trends in Texas Charge Practice: Preservation of Error and Broad-Form Use*, 38 ST. MARY'S L.J. 371, 383 (2007) ("A party must raise its objections before the charge is read to the jury."); David E. Keltner & Melinda R. Burke, *Protecting the Record for Appeal: A Reference Guide in Texas Civil Cases*, 17 ST. MARY'S L.J. 273, 349 (1986) ("After the charge is prepared, but before it is delivered to the jury, the judge must give the parties an opportunity to examine and present objections to the court's charge . . . objections to the court's charge may . . . be dictated to the court reporter in the presence of the judge and opposing counsel prior to submission of the charge to the jury."); William D. Ellerman, *Crafting the Jury Charge*, in STATE BAR OF TEXAS, HANDLING YOUR FIRST JURY TRIAL, at 4 (2012) ("Absent rare exceptions, the attorneys must make their formal objections and requests for submission before the trial court reads the charge to the jury.") (citing TEX. R. CIV. P. 272)).

[9] That statutory predecessor to Rule 272 provided:

The charge . . . shall be prepared *after the evidence has been concluded* and shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the

7

ST. art. 2185. Understandably, it has always been necessary to afford parties a reasonable amount of time after reviewing the proposed charge to object. Otherwise, a trial court could potentially leave the parties with no meaningful opportunity between the close of evidence and the reading of the charge. The only material difference reflected in the current Rule is that it omits the requirement that the court prepare the charge after the conclusion of the evidence. TEX. R. CIV. P. 272.

This history of the Rule reflects that the reasonable-time requirement and the before-the-charge requirement have distinct purposes. For example, if a court prepares the charge two minutes before reading it to the jury and the parties fail to object in time, the court has likely violated the reasonable-time requirement.[10] Appealing such a ruling would involve a determination of whether the trial court abused its discretion by establishing an unreasonable amount of time to object to the charge. To modify the example, if the court instead prepares the charge the day before reading it to the jury and refuses an objection lodged shortly before the charge is read solely due to the objection's timing, the party has complied with the before-the-charge requirement. Appealing this ruling would involve a determination of whether the trial court abused its discretion in refusing the objection based solely on its timing. Thus, under Rule 272, an objection made before the court reads the charge to the jury is timely; and as the above example demonstrates, an untimely objection might be due to the court establishing an unreasonable amount of time to review and object to the charge.

court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived.

VERNON'S ANN. REV. CIV. ST. art. 2185, at 588–89 (1925) (emphasis added), *available at* http://www.sll.texas.gov/assets/ pdf/historical-codes/1925/1925civ11.pdf.

[10] Of course, two minutes may well be reasonable if the parties previously submitted identical proposed charges, which the court's charge followed.

Rule 272's allowance of objections before the court reads the charge largely corresponds with the plain language of the applicable federal rule. Federal Rule of Civil Procedure 51 regards an objection as timely if a party objects before the district court instructs the jury or, alternatively, if the party lacked notice but objects promptly after receiving that notice. FED. R. CIV. P. 51(c)(2). All objections must be made at these times, or will be considered waived.[11] *See Jimenez v. Wood Cnty., Tex.*, 660 F.3d 841, 845 (5th Cir. 2011) (en banc). As one observer noted, "the thrust of Rule 51 is directed toward the actual awareness of the trial judge of possible errors, and not to technical niceties."[12] Similarly, New York's relevant rule of civil procedure allows counsel to object to a jury charge up until "the jury retires to consider its verdict." N.Y. C.P.L.R. 4110-b.[13]

The Court justifies its interpretation of Rule 272 partly by declaring that trial courts must have discretion to manage their own dockets, and it raises the specter of parties bombarding courts with a fusillade of untimely objections. But the Court's fear is unwarranted due to the iterative process of refining the charge, as demonstrated by Texas case law.

Structurally speaking, the typical docket control process focuses the parties and the court on the charge early on, and parties will likely have valid reasons for the occasional defect they might

---

[11] *See also* FEDERAL PROCEDURE, LAWYERS EDITION, § 77:307 (2014) ("The general rule of FED. R. CIV. P. 51 is that objections after the jury has begun its deliberation are untimely."); PHILLIP KOLCZYNSKI, PREPARING FOR TRIAL IN FEDERAL COURT § 12:08 (2012) ("Generally, failure to object before the instructions are given waives the right to appeal the error.").

[12] Annotation, *Construction and Application of Provision of Rule 51 of Federal Rules of Civil Procedure Requiring Party Objecting to Instructions or Failure to Give Instructions to Jury, to State "Distinctly the Matter to Which He Objects and the Grounds for Objections,"* 35 A.L.R. Fed. 727, § 2[a] (1977).

[13] *See Fitzpatrick & Weller, Inc. v. Miller*, 802 N.Y.S.2d 292, 293 (N.Y. App., 4th Dep't 2005) ("Where, as here, the charge is not fundamentally flawed, plaintiff's failure to object to the charge at trial and before the jury retire[d] precludes [our] review of plaintiff's contention." (quotation marks omitted) (alterations in original)).

discover after the charge conference. Lawyers routinely outline their case by drafting a charge early in the proceeding, which can offer a roadmap for use in discovery and dispositive motions.[14] As one commentator has observed, the utility and necessity of having the charge throughout the proceeding makes it "the playbook for the entire case," not merely the end game.[15] Trial courts routinely require parties to submit proposed charges at or before the pre-trial conference. And they routinely hold informal charge conferences during trial to further refine what the court's charge will be. The formal charge conference is where the parties make their requests and objections on the record. As we have previously explained, the formal charge conference ordinarily comes "at that very difficult point of trial between the close of evidence and summation" where counsel is "in peril of losing appellate rights." *Payne*, 838 S.W.2d at 240.[16] Given that trial courts have wisely followed this iterative process, it is no surprise that few objections remain to be raised after the formal charge conference.[17] Those objections that are levied after the formal charge conference but before the charge is read to the jury may arise for a litany of unanticipated reasons, such as a newly issued case, an element inadvertently omitted or made necessary because an issue was tried by consent, or simply a more thorough or objective understanding of the charge once the fog of war has temporarily dissipated.

---

[14] *See Ellerman*, *supra* note 8, at 1.

[15] *Id*.

[16] As one commentator has elaborated, "[p]reparation of the jury charge, and preservation of charge errors, presents a minefield of issues including when to object to a submission, when to request a submission, how to properly link questions, and how to avoid inconsistent jury findings." *Id*.

[17] Moreover, few parties would willingly risk incurring the ire of the presiding judge by lobbing a host of objections after the charge conference and as the jury is walking in. In fact, doing so would surely jeopardize the interests of the client.

In practice, Texas cases have demonstrated that this iterative charge process diminishes the number of post-conference objections and reduces the threat of strategic sabotage produced by purposefully withholding a critical objection until the eleventh hour. The Court has only found one case where a party raised a host of post-conference objections. And there, the trial court nonetheless ruled on a number of them, and the appellants failed to show harm from the refusal to rule on the remaining objections. *See Deaton*, 926 S.W.2d at 765. Other cases confirm that when eleventh hour objections do occur, they are likely to have such merit that they are pivotal to the case. The court of appeals in *Austin State Hospital v. Kitchen* reversed and remanded for a retrial because the underlying objection raised shortly before the court read the charge was meritorious. 903 S.W.2d 83, 93 (Tex. App.—Austin 1995, no writ). And here, despite the fact that King Fisher was well aware that Rule 272 allowed it to raise objections before the court read the charge to the jury,[18] it only raised one of its multiple objections after the charge conference. And the focus of the entire appeal in this case has been on the specific orders question at issue in that objection.

I agree wholeheartedly that trial courts must be able to manage their dockets,[19] but their inherent ability to do so should not come at the expense of the parties' right to adjudication on the merits—nor should it alter the plain language of Rule 272.

---

[18] King Fisher's counsel informed the trial court, "[a]ll I have to do is get [the objection] in before the charge is read, under the rules . . . ."

[19] *See* __ S.W.3d at __ (quoting *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (per curiam)).

11

### C. Reversible Error

Having concluded the trial court erred in interpreting Rule 272 and rejecting King Fisher's objection and proposed definition as untimely, it should be noted that the trial court's judgment could only be reversed if the charge error was harmful, meaning it probably caused the rendition of an improper verdict. TEX. R. APP. P. 61.1(a). The parties' briefing here fully addresses the timing of the specific order objection but does not discuss whether the failure to include the proposed instruction likely caused the rendition of an improper judgment. Accordingly, I would remand for the court of appeals to consider whether the trial court's error in refusing King Fisher's timely charge objection was harmful.

### IV. Conclusion

Jury trials are by their very nature multi-faceted, complex and fast-moving endeavors. There, perhaps more so than at any other phase in a lawsuit, it is critical to have consistent and brightline rules that ensure the parties fully understand how to preserve error. Undeniably, brightline rules necessarily implicate a balancing between efficiently managing dockets and juror resources and protecting the parties' right to have their cases adjudicated on the merits. Rule 272 already provides litigants with a brightline rule for timely submitting objections to a proposed jury charge: object before the court reads the charge. This unambiguous deadline appropriately provides all parties—plaintiffs and defendants alike—with clarity at a point in the trial in which the stakes are high and the pressure is acute, and it rewards the effort invested in the trial with a disposition on the merits. Promoting the adjudication of cases on the merits rather than on technicalities has long been

12

a goal of this Court. Because the Court today departs from this overriding principle in straying from the plain language of Rule 272, I respectfully dissent.

_____
Eva M. Guzman
Justice

**OPINION DELIVERED:** August 29, 2014